418 A.2d 676

Cleophus GRAHAM and Randie Graham

v.

Meyer S. KUTLER, Marilyn Z. Kutler and Robert Kay Associates, Inc., Appellants.

Superior Court of Pennsylvania.

Argued June 27, 1979.

Filed Feb. 15, 1980.

Marvin Comisky, Philadelphia, for appellants.

Kevin Wright, Philadelphia, for appellees.

Before WIEAND, ROBINSON and LOUIK, JJ.*

WIEAND, Judge:

This is an appeal from an order dismissing a petition to strike a judgment entered by default for failure to file answers to interrogatories pursuant to Philadelphia Rule 4005*(d).[1] It is contended that the judgment is defective on its face because the record discloses that appellants had not been served with an interlocutory order signed by the Prothonotary prior to the entry of judgment.

■ In *Strickler v. United Elevator Co. (Inc.)*, 248 Pa.Super. 258, 375 A.2d 86 (1977), this Court considered an identical issue. There, as here, the Prothonotary had entered an interlocutory order directing that answers to outstanding interrogatories be filed within thirty days. However, only an unexecuted form order had been served on the adverse party. This Court held that service of the unexecuted form was inadequate to cause the thirty day period to begin, and a default judgment entered for failure to file answers to interrogatories was stricken. That decision is controlling of the instant appeal.

■ Appellees argue, however, that the prior adverse determination of appellants' petition to open the default judgment, which also raised the issue of notice insufficiency, is a bar to the relief requested in the petition to strike. They

---

* Judge OTTO P. ROBINSON of the Court of Common Pleas of Lackawanna County, Pennsylvania, and Judge MAURICE LOUIK of the Court of Common Pleas of Allegheny County, Pennsylvania are sitting by designation. Judge DONALD E. WIEAND participated in the consideration of this appeal after his term of office had expired by special assignment.

1. Philadelphia Rule 4005*(d), now Rule 145, was held to be in conflict with Pa.R.C.P. No. 4019 and declared invalid in *Gonzales v. Procaccio Brothers Trucking Co.*, 268 Pa.Super. 245, 407 A.2d 1338 (1979), allocatur denied October 29, 1979.

rely upon the rule that a defendant who seeks to open a judgment waives irregularities in the entry of the judgment which might have been attacked by a motion to strike. However, a petition to "open a judgment does not constitute a waiver of a fundamental or vital defect–for instance, where plaintiff had no right to enter the judgment." *Roselon Industries, Inc. v. Associated Knitting Mills*, 221 Pa.Super. 8, 11–12, 289 A.2d 239, 241 (1972); *Polis v. Russell*, 161 Pa.Super. 456, 460, 55 A.2d 558, 560 (1947). A petition to open a judgment does not by an attempted application of waiver principles invest a void judgment with validity. A void judgment may be attacked at anytime.

■ Appellees also argue that the principle of Pa.R.C.P. No. 2959(a) should be applied to bar relief. This rule applies only to petitions seeking relief from judgments by confession. With respect to such judgments, the rule requires that "all grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition." In *Roselon Industries, Inc. v. Associated Knitting Mills*, supra, it was suggested by dictum that the rule expressed a policy which, under the peculiar circumstances of that case, warranted a broader application.

The circumstances of the instant case do not require that the present petition to strike the judgment be barred. Under similar circumstances in *Tice et al. v. Nationwide Life Insurance Company*, (J. 952/79, filed January 25, 1980), this Court unhesitatingly struck a void judgment entered pursuant to Philadelphia Rule 4005. The fact that a prior petition to open had been denied and affirmed on appeal did not deter the result.

The order of the lower court is reversed, and the judgment is stricken.

This decision was reached following the death of ROBINSON, J.