**PENNHURST MEDICAL GROUP, P.C. Appellant,**

v.

**Emil A. MIKHAIL, M.D. Appellee.**

Superior Court of Pennsylvania.

Argued Feb. 24, 2004.

Filed July 7, 2004.

Julia E. Gabis, Conshohocken, for appellant.

Robert C. Keller, Upper Darby, for appellee.

Before: TODD, PANELLA, and JOHNSON, JJ.

PANELLA, J.

¶ 1 Appellant, Pennhurst Medical Group, P.C. ("Pennhurst"), initiated this action against Appellee, Emil A. Mikhail, M.D. ("Mikhail"), by filing a writ of summons on February 9, 2001 and a complaint on October 31, 2002. In its complaint, Pennhurst alleged a breach of employment contract and fraudulent misrepresentation and sought $44,000.00 in damages. After the trial court denied Mikhail's preliminary objections, Mikhail filed an answer with new matter and counterclaim on March 19, 2003. In his counterclaim, Mikhail alleged breach of contract, libel, and punitive damages and sought damages in excess of $50,000.00.

¶ 2 On April 9, 2003, Mikhail sent Pennhurst a ten-day notice of intent to file a praecipe for entry of default judgment for want of an answer to Mikhail's new matter and counterclaim. On April 22, 2003, Mikhail filed a praecipe for judgment due to Pennhurst's failure to file an answer to Mikhail's new matter and counterclaim, and judgment was entered in favor of Mikhail on Mikhail's counterclaim. Mikhail's damages, however, were never determined.

¶ 3 On April 30, 2003, Pennhurst filed a petition to open default judgment as to Mikhail's counterclaim. However, Pennhurst failed to attach a verified copy of the answer to its petition or state a meritorious defense to Mikhail's counterclaim. On July 15, 2003, the day before the scheduled oral argument on the petition to open default judgment, Pennhurst filed an amended petition to open default judgment with a verified answer attached. On July 16, 2003, the trial court denied Pennhurst's petitions to open default judgment as to Mikhail's counterclaim.

¶ 4 On August 4, 2003, Pennhurst filed a notice of appeal. On November 3, 2003, this Court's Central Legal Staff mailed Pennhurst's counsel a letter advising that under Pennsylvania Rule of Appellate Procedure 341(b)(1) this appeal may be premature in that litigation had not completely ended in the lower court.[1] The letter requested that Pennhurst's counsel respond within ten days regarding the basis of this Court's jurisdiction over this matter. The letter noted that if, after receipt of the response, it is determined that no further action should be taken, the issue of appealability would be referred to a panel of this Court.

¶ 5 Pennhurst's counsel filed a reply letter on November 10, 2003. Citing Pennsylvania Rule of Appellate Procedure 311(a)(1), Pennhurst's counsel stated that this appeal should not be dismissed since it is an interlocutory appeal which may be taken "as of right in matters affecting judgments, including an order to refuse to open a judgment." Letter, 11/10/03. Because a proper default judgment has not been entered in the court below, we quash the present appeal.

¶ 6 "[A]n appeal may be taken as of right from any final order of an administrative agency or lower court." Pa.R.A.P. 341(a). "A final order is any order that: (1) disposes of all claims and of all parties; or (2) any order that is expressly defined as a final order by statute; or (3) any order entered as a final order pursuant to subdivision (c) of [Pennsylvania Rule of Appellate Procedure 341]." Pa.R.A.P. 341(b). Pursuant to subdivision (c),

---

1. This Court may raise the issue of appealability *sua sponte* since it affects the jurisdiction of this Court. *See Brickman Group, Ltd. v.* *CGU Ins. Co.,* 829 A.2d 1160, 1163 (Pa.Super.2003) (citation omitted).

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim or when multiple parties are involved, the trial court or other governmental unit may enter a final order as to one or more but fewer than all of the claims and parties only upon an express determination that an immediate appeal would facilitate resolution of the entire case. Such an order becomes appealable when entered. In the absence of such a determination and entry of a final order, any order or other form of decision that adjudicates fewer than all the claims and parties shall not constitute a final order....

Pa.R.A.P. 341(c).

¶ 7 Here, as Pennhurst apparently concedes, the order denying its petitions to open default judgment did not constitute a final order since it did not dispose of all claims and of all parties in the court below. Moreover, Pennhurst has not alleged that the order is expressly defined as a final order by statute or that it was entered as a final order pursuant to Rule 341(c).

¶ 8 Nevertheless, citing Pennsylvania Rule of Appellate Procedure 311(a)(1), Pennhurst has argued that the order denying its petitions to open default judgment is appealable. Under Rule 311(a)(1), an interlocutory appeal may be taken as of right from an order "refusing to open, vacate or strike off a judgment." Pa. R.A.P. 311(a)(1). Since a default judgment was never properly entered in the court below, we find that Rule 311(a)(1) does not apply to the instant case.

¶ 9 In order to properly file a default judgment, the prothonotary, in addition to entering the judgment against a party on praecipe of the opposing party,

shall assess damages for the amount to which the [party] is entitled if it is a sum certain or which can be made certain by computation, but if it is not, the damages shall be assessed at a trial at which the issues shall be limited to the amount of damages.

Pa.R.C.P. 1037(b)(1).

¶ 10 Here, although a judgment was entered in favor of Mikhail on Mikhail's counterclaim, the question of damages remains undetermined. As we indicated above, Mikhail sought damages in excess of $50,000.00. Since this was not a sum certain, the damages will have to be assessed at a trial limited to the amount of damages.

¶ 11 In conclusion, we find that the present appeal is not from a final order. We further find that Rule 311(a)(1), which governs interlocutory appeals as of right, does not apply to the instant case. Accordingly, we are constrained to quash this appeal.

¶ 12 Appeal quashed.