**MOTHER'S RESTAURANT, INC., Appellee,**

v.

**Nancy KRYSTKIEWICZ, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 4, 2003.

Filed Oct. 27, 2004.

---

Christopher S. Wilson, Philadelphia, for appellant.

David L. Marshall, Doylestown, for appellee.

BEFORE: DEL SOLE, P.J.,
JOHNSON, HUDOCK, FORD ELLIOTT,
JOYCE, STEVENS, MUSMANNO,
TODD and KLEIN, JJ.

OPINION BY JOYCE, J.:

¶ 1 Appellant, Nancy Krystkiewicz (hereinafter "Krystkiewicz"), appeals from the April 23, 2002 order entered in the Court of Common Pleas of Bucks County that denied her "Petition For Relief From Judgment By Default." The Prothonotary entered a default judgment on behalf of Appellee, Mother's Restaurant, Inc. (hereinafter "the Restaurant"), after Krystkiewicz failed to respond to the Restaurant's amended complaint. For the following reasons, we reverse the order of the trial court and remand for proceedings consistent with this Opinion. The relevant facts and procedural history are as follows.

¶ 2 On February 7, 2001, the Restaurant filed a Complaint in Equity averring that Krystkiewicz precluded the Restaurant from utilizing an easement on her property. In this complaint, the Restaurant asked the trial court to, *inter alia*, enjoin Krystkiewicz from using the easement in any way which impairs the Restaurant's use. Krystkiewicz filed preliminary objections to this complaint, and on April 24, 2001, the Restaurant filed an amended complaint. When Krystkiewicz failed to respond, the Restaurant filed a praecipe to enter a default judgment. Therein, counsel for the Restaurant stated that he served a notice of the Restaurant's intention to take default judgment upon Krystkiewicz and her counsel by first class mail on May 29, 2001. Upon receipt of this praecipe, the Prothonotary entered a default judgment against Krystkiewicz on June 13, 2001.

¶ 3 On July 10, 2001, Krystkiewicz filed a "Petition For Relief From Judgment By Default." In this petition, Krystkiewicz maintained that the Restaurant never served her counsel with a notice of its intention to seek a default judgment and that neither she nor her counsel received notice of the actual entry of the default judgment from the Prothonotary pursuant to Rule 236 of the Pennsylvania Rules of Civil Procedure. In the petition, Krystkiewicz's counsel avers that he was unable to act in a more timely fashion due to this lack of notice. Counsel also avers that Krystkiewicz possessed a meritorious defense to the allegations raised in the complaint.

¶ 4 On August 6, 2001, the trial court issued a rule to show cause why the default judgment should not be opened or vacated. The Restaurant filed an answer and raised new matter. On December 31, 2001, Krystkiewicz filed a response to the Restaurant's new matter. Thereafter, on April 23, 2002, the trial court entered an order denying Krystkiewicz's "Petition For Relief From Judgment By Default." On May 23, 2002, Krystkiewicz filed a timely notice of appeal and a motion for reconsideration. As Krystkiewicz filed her motion for reconsideration on the last day of the appeal period, the trial court did not act on this motion. *See* Pa.R.A.P. 1701.

¶ 5 On appeal, a three-judge panel of our Court determined that the trial court did not err when it denied Krystkiewicz's "Petition For Relief From Judgment By Default." Krystkiewicz filed a timely petition for reargument averring that the trial court should have stricken the Prothonotary's entry of default judgment due to the Restaurant's failure to include a notice to defend with its amended complaint. On May 21, 2003, our Court granted Krystkiewicz's application for reargument. The Restaurant subsequently filed a Motion to

Quash the instant appeal, and on August 7, 2003, we denied the Restaurant's Motion to Quash without prejudice to the Restaurant's right to raise this issue at the time of argument. During its argument before the court *en banc*, the Restaurant renewed its motion to quash the appeal.

¶ 6 In her brief, Krystkiewicz raises the following issues for our review:

[1.] Should the lower court have vacated the default judgment improperly entered by the Prothonotary under Pa. R.C.P. 1511?

[2.] Should the lower court have considered the Petition to Open Default Judgment in accordance with equitable principles as required by the Supreme Court of Pennsylvania?

[3.] Should the lower court have found that Appellant satisfied the three prong requirement for opening a judgment by default?

[4.] Should the lower court have found that Appellant's Petition was timely filed in accordance with Pa.R.C.P. 237.3 and governing case law?

[5.] Did the lower court make findings which were not supported by the facts and/or the law?

Appellant's Brief, at 3.

■ ¶ 7 Before reaching the aforementioned issues, we must address the Restaurant's Motion to Quash in which it maintains that the instant appeal is interlocutory. We address this issue first because the appealability of an order directly implicates the jurisdiction of the court

asked to review the order. *See Probst v. Com., Dept. of Transp., Bureau of Driver Licensing,* 578 Pa. 42 n. 11, 849 A.2d 1135, 1141 n. 11 (2004). In this Commonwealth, an appeal may only be taken from: 1) a final order or one certified by the trial court as final; 2) an interlocutory order as of right; 3) an interlocutory order by permission; or 4) a collateral order. *See Vonada v. Long,* 852 A.2d 331, 335 (Pa.Super.2004); *Radakovich v. Radakovich,* 846 A.2d 709, 714 (Pa.Super.2004).

■ ¶ 8 The genesis of the instant appeal *stems from the Restaurant's invocation* of Rule 1511 of the Pennsylvania Rules of Civil Procedure.[1] The Restaurant employed this provision after Krystkiewicz failed to file a responsive pleading to its amended complaint in equity and did not respond to its notice of intention to take a default judgment against her. In its entirety, Rule 1511 provides:

**Rule 1511. Judgment upon Default or Admission**

(a) The prothonotary, on praecipe of the plaintiff, shall enter a judgment by default against the defendant for failure to plead within the required time to a complaint which contains a notice to defend. In all other cases of default or of admission the judgment shall be entered by the court.

(b) In all cases, the court shall enter an appropriate final decree upon the judgment of default or admission and may take testimony to assist in

---

1. The most recent amendments to the Pennsylvania Rules of Civil Procedure rescinded Rule 1511 of the Pennsylvania Rules of Civil Procedure and incorporated its provisions into Rule 1037(b). Although these amendments became effective on July 1, 2004, they do not govern the instant case as the Restaurant filed the instant equity action in 2001 and obtained the default judgment in 2001.

*See* Pa.R.C.P. 52(c); *compare Manzetti v. Mercy Hosp. of Pittsburgh,* 565 Pa. 471, 482 n. 1, 776 A.2d 938, 945 n. 1 (2001) (finding that an amended version of Rule 1035.2 of the Pennsylvania Rules of Civil Procedure, relating to summary judgment, applied to the action therein where the Rule became effective before the trial court ruled on the motion for summary judgment).

its adjudication and in framing the decree.

Pa.R.C.P. 1511.

¶ 9 In accordance with this rule, the Restaurant filed a praecipe with the prothonotary seeking the entry of a default judgment on June 13, 2001. Within this praecipe, counsel for the Restaurant certified that he had served Krystkiewicz and her counsel with notice of its intent to take the default judgment on May 29, 2001. Pursuant to Rule 1511(a), the Prothonotary entered a default judgment against Krystkiewicz on June 13, 2001. Before the trial court entered a final decree upon the default judgment or even determined whether it needed to hear testimony to frame the final decree, Krystkiewicz filed a "Petition for Relief From Judgment By Default." When the trial court denied this petition, Krystkiewicz filed an immediate appeal.

■■■ ¶ 10 Upon review, we cannot conclude that Krystkiewicz has filed an appeal from a final order. To constitute a final order, the order appealed from must have disposed of all claims and of all parties, have been defined as final by statute, or have been certified as final by the trial court. *See Brickman Group Ltd. v. CGU Ins. Co.*, 829 A.2d 1160, 1163 (Pa.Super.2003), citing Pa.R.A.P. 341(b). Instantly, the trial court's order, which denied Krystkiewicz's petition, did not dispose of all of the claims raised in the equity action. At the time Krystkiewicz took the instant appeal, the trial court had yet to determine the scope of relief to afford the Restaurant or to fashion an appropriate final decree. Furthermore, the General Assembly has not defined the

instant order as final, and the trial court has not so certified.[2]

¶ 11 As the instant order does not meet the criteria for finality outlined in Rule 341, we must determine whether Krystkiewicz may take an interlocutory appeal from this order as of right. Rule 311 of the Pennsylvania Rules of Appellate Procedure states, in relevant part:

**Rule 311. Interlocutory Appeals as of Right**

(a) **General Rule.** An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from:

(1) *Affecting judgments.* An order refusing to open, vacate or strike off a judgment. If orders opening, vacating, or striking off a judgment are sought in the alternative, no appeal may be filed until the court has disposed of each claim for relief.

Pa.R.A.P. 311(a)(1). In the instant case, the trial court entered an order that denied Krystkiewicz's "Petition For Relief From Judgment By Default" entirely. It would appear, therefore, that our Court has jurisdiction to entertain the instant appeal under Rule 311(a)(1).

¶ 12 In its Motion to Quash, however, the Restaurant asserts that Krystkiewicz does not qualify for an appeal under Rule 311(a)(1) because she improperly filed her "Petition For Relief From Judgment By Default." The Restaurant maintains that a defendant may not file a petition seeking to open, strike, or vacate a default judgment until the prothonotary and the trial court have complied with the two-step procedure enunciated in Rule 1511:(1) the pro-

---

2. Although Krystkiewicz's counsel asserted at oral argument that the trial court certified the instant order as final, we find no support for this assertion in the certified record. To certify an order as final, the trial court must make "an **express** determination that an immediate appeal would facilitate resolution of the entire case." Pa.R.A.P. 341(c) (emphasis added).

thonotary's entry of a default judgment upon praecipe and (2) the trial court's entry of a final decree. Since Krystkiewicz purportedly filed her "Petition For Relief From Judgment By Default" prematurely, the Restaurant contends that Krystkiewicz has filed the instant appeal prematurely. As support for this proposition, the Restaurant directs our attention to the holding espoused by a unanimous three-judge panel of our Court in *Darlark v. Henry S. Lehr, Inc.*, 360 Pa.Super. 509, 520 A.2d 1206 (1987).

¶ 13 In *Darlark v. Henry S. Lehr, Inc.*, *supra*, our Court encountered a procedurally similar case and determined that a petition to open a default judgment was premature where the trial court had not yet entered a final decree pursuant to Rule 1511(b). On September 16, 1985, Stanley and Doris Darlark filed a declaratory judgment action against Harleysville Insurance Company and Henry S. Lehr, Inc. ("Lehr"). *Darlark*, 520 A.2d at 1207. When Lehr failed to answer the complaint, the Darlarks sent Lehr notice of their intent to take a default judgment and, on January 8, 1996, the Prothonotary entered a default judgment against Lehr. *Id.* On January 28, 1986, Lehr filed a petition to vacate the default judgment in which it claimed that a satisfactory excuse existed for its failure to answer the complaint and that it possessed a meritorious defense to the action. *Id.* The trial court denied this petition, and Lehr filed an immediate appeal. *Id.*

¶ 14 On appeal, the panel determined that Rule 1511 governed the entry of a default judgment in an equity or declaratory judgment action. *Id.* After reciting the language of the Rule 1511, the panel concluded that Rule 1511 requires the trial court to enter an appropriate final decree after the Prothonotary enters a judgment of default. *Id.* at 1208. Upon the panel's

determination that Lehr had filed a petition to open the default judgment prior to the entry of the final decree, the panel concluded, as a matter of first impression, that the petition to open was premature, and consequently, that the appeal was improperly filed. *Id.* at 1208–09. Specifically, the panel stated:

> [T]he rule requires that after the prothonotary enters a default judgment, the court must enter an appropriate final decree.... Rule 1511 is drafted as a two-part rule and the second part of the rule is written in mandatory terms. Thus, entry of a default judgment by the prothonotary is not final because the rule requires further action by the court. **We hold that a default judgment in equity cases is not final until the court enters a final decree....** Here, appellant filed its petition to open the default judgment before the court entered a final decree. Thus, the petition was premature and the appeal from the trial court's order refusing to open the judgment is improper. [FN 3]
>
> > FN3. Even though Rule 311 of the Pennsylvania Rules of Appellate Procedure provides for an appeal as of right from an order refusing to open, vacate or strike off a judgment, this appeal is improper because the trial court's ruling on the petition to open was improper as premature, having been made before the entry of a final decree.

*Id.* (emphasis added). The *Darlark* court further advised that, once the trial court enters the final decree, the defendant may challenge the entry of the default judgment or may file an appeal. *Id.* at 1209.

¶ 15 Upon review, we concede that our Court's decision in *Darlark*, if followed by this *en banc* panel, would mandate quashal. Additionally, our own research has revealed another decision by a unanimous

three-judge panel of our Court which would compel this same conclusion. In *Pennhurst Med. Group v. Mikhail,* 2004 PA Super 254, 854 A.2d 536 (2004), Pennhurst filed an action at law against Mikhail sounding in breach of contract and fraudulent misrepresentation and sought $44,000.00 in damages. In response, Mikhail filed a timely answer and a counterclaim in which he sought damages in excess of $50,000.00. When Pennhurst failed to respond to the counterclaim, Mikhail sent Pennhurst a ten-day notice of his intent to file a praecipe for the entry of default judgment. After the expiration of the ten-day period, Mikhail filed a praecipe for the entry of a default judgment, and the prothonotary entered a default judgment on April 22, 2003. Although the trial court had not yet scheduled a trial for damages, Pennhurst filed a petition to open the default judgment pursuant to Rule 237.3 of the Pennsylvania Rules of Civil Procedure. The trial court denied this petition, and Pennhurst appealed.

¶ 16 On appeal, a three-judge panel of our Court concluded that we lacked the jurisdiction to entertain the appeal. Specifically, we concluded that Pennhurst had not appealed from a final order because the trial court's order did not award any damages to Mikhail on the counterclaim and because all of Pennhurst's claims against Mikhail remained pending. Furthermore, we determined that Pennhurst's appeal would not qualify as an interlocutory appeal as of right from an order "refusing to open, vacate or strike off a judgment" because the trial court had not yet held a damages trial on Mikhail's counterclaim. Specifically, we stated:

> ...Pennhurst has argued that the order denying its petitions to open default judgment is appealable. Under Rule 311(a)(1), an interlocutory appeal may be taken as of right from an order "refusing to open vacate or strike off a

judgment." Pa.R.A.P. 311(a)(1). Since a default judgment was never properly entered in the court below, we find that Rule 311(a)(1) does not apply to the instant case.

> In order to properly file a default judgment, the prothonotary, in addition to entering the judgment against a party on praecipe of the opposing party,

>> shall assess damages for the amount to which the [party] is entitled if it is a sum certain or which can be made certain by computation, but if it is not, the damages shall be assessed at a trial at which the issues shall be limited to the amount of damages.

> Pa.R.C.P. 1037(b)(1).

> Here, although a judgment was entered in favor of Mikhail on Mikhail's counterclaim, the question of damages remains undetermined. As we indicated above, Mikhail sought damages in excess of $50,000.00. Since this was not a sum certain, the damages will have to be assessed at a trial limited to the amount of damages.

*Pennhurst Med. Group,* 2004 PA Super 254, ¶¶ 8–10, 854 A.2d 536. Accordingly, our Court quashed Pennhurst's appeal.

¶ 17 In *Darlark* and *Pennhurst,* our Court essentially concludes that we lack the jurisdiction to entertain an appeal from an order refusing to open, strike, or vacate a judgment if the aggrieved party filed a petition for relief prior to the entry of a *complete* default judgment, namely, the determination of liability and the determination of the appropriate relief. Nevertheless, a plain reading of the rules of civil and appellate procedure compels us to conclude otherwise.

¶ 18 Once a litigant files a proper praecipe seeking the entry of a default judgment, the Rules direct the court to perform two essential steps. Foremost, in

actions at law and in equity, the Rules direct the prothonotary to enter a default judgment on the docket. *See* Pa.R.C.P. 1037(b) (stating that, in actions at law, "the prothonotary, on praecipe of the plaintiff, shall enter judgment against the defendant for failure to file within the required time a pleading to a complaint which contains a notice to defend . . ."); Pa.R.C.P. 1511(a) (providing that, in equity actions, "the prothonotary, on praecipe of the plaintiff, shall enter a judgment by default against the defendant for failure to plead within the required time to a complaint which contains a notice to defend"). By virtue of entering this default judgment on the docket, the Prothonotary precludes the opponent from challenging his or her liability.

¶ 19 Once the prothonotary has entered the default judgment, the next step involves the determination of the appropriate remedy for the opponent's default. In those actions at law where the amount of damages may be ascertained from the pleadings, an assessment of damages will accompany the prothonotary's entry of the default judgment. *See* Pa.R.C.P. 1037(b)(1). In those instances where the amount of legal damages is not certain or where the plaintiff has sought equitable relief, the trial court has the independent obligation to fashion the appropriate relief at a future date. *See* Pa.R.C.P. 1037(b)(1); Pa.R.C.P. 1511(b).

¶ 20 Although our Court in *Darlark* and *Pennhurst* suggests otherwise, the plain language of the rules demonstrates that the entry of the default judgment occurs upon the completion of the first step, namely, when the prothonotary recognizes that a litigant has filed a proper praecipe for the entry of a default judgment and when the prothonotary enters a default judgment on the docket. The assessment of legal damages or the determination of relief in an equity action is not a precursor to the proper entry of a default judgment.

¶ 21 Furthermore, Rule 237.3 of the Rules of Civil Procedure specifically permits an aggrieved party to petition the trial court for relief upon the completion of this first step. Rule 237.3 provides:

**Rule 237.3.   Relief From Judgment of Non Pros or by Default**

(a) A petition for relief from a judgment of non pros or of default entered pursuant to Rule 237.1 shall have attached thereto a verified copy of the complaint or answer which the petitioner seeks leave to file.

(b) If the petition is filed within ten days after the entry of the judgment on the docket, the court shall open the judgment if the proposed complaint or answer states a meritorious action or defense.

Pa.R.C.P. 237.3. *See* Explanatory Note, Pa.R.C.P. 1501 (finding Rule 237.3 applicable to actions in equity). As the plain language of this rule permits an individual to challenge the entry of a default judgment and as Rules 1037 and 1511 authorize the entry of a default judgment prior to the consideration of a remedy, we do not find that the assessment of damages or the entry of a final decree must predate a petition to open, strike, or vacate the default judgment.

¶ 22 In view of our interpretation of Rules 1037, 1511 and 237.3 of the Pennsylvania Rules of Civil Procedure, we find no support for the proposition that an aggrieved party cannot seek to open, strike or vacate the entry of a default judgment prior to the assessment of damages or the entry of a final decree. Accordingly, we overrule our contrary holdings in *Darlark* and *Pennhurst.* Having found that Krystkiewicz did not file her "Petition For Relief From Judgment By Default" prematurely and that the trial court entered an order

denying her petition in its entirety, we possess jurisdiction to review this interlocutory appeal as of right pursuant to Rule 311(a)(1) of the Pennsylvania Rules of Appellate Procedure.

■ ¶ 23 To obtain relief from the entry of a default judgment, the law provides two distinct remedies. *Williams v. Wade,* 704 A.2d 132, 134 (Pa.Super.1998), *appeal denied,* 556 Pa. 712, 729 A.2d 1130 (1998). An aggrieved party may file a petition to strike the default judgment and/or a petition to open the default judgment. *Id.* In *Cintas Corp. v. Lee's Cleaning Services, Inc.,* 549 Pa. 84, 93–94, 700 A.2d 915, 918–919 (1997), our Supreme Court explained the distinctions between these two remedies:

A petition to strike a default judgment and a petition to open a default judgment are generally not interchangeable. A petition to strike does not involve the discretion of the court. Instead, it operates as a demurrer to the record. A demurrer admits all well-pleaded facts for the purpose of testing conclusions of law drawn from those facts. Because a petition to strike operates as a demurrer, a court may only look at the facts of record at the time the judgment was entered to decide if the record supports the judgment. A petition to strike can only be granted if a fatal defect appears on the record.

. . .

In contrast, a petition to open a judgment is an appeal to the equitable powers of the court. It is committed to the sound discretion of the hearing court and will not be disturbed absent a manifest abuse of that discretion. Ordinarily, if a petition to open a judgment is to be successful, it must meet the following test: (1) the petition to open must be promptly filed; (2) the failure to appear or file a timely answer must be excused; and (3) the party seeking to open the judgment must show a meritorious defense. . . . In making this determination, a court can consider facts not before it at the time the judgment was entered. Thus, if a party seeks to challenge the truth of factual averments in the record at the time judgment was entered, then the party should pursue a petition to open the judgment, not a petition to strike the judgment.

*Id.* at 93–94; 700 A.2d at 918–919 (internal citations omitted). *See also Erie Insurance Co. v. Bullard,* 839 A.2d 383, 386 (Pa.Super.2003); *Cargitlada v. Binks Mfg. Co.,* 837 A.2d 547, 550 (Pa.Super.2003).

¶ 24 In her first issue, Krystkiewicz contends that the trial court erred when it denied her "Petition For Relief From Judgment By Default" since the Restaurant's amended complaint did not contain a notice to defend. Krystkiewicz's Brief, at 13. Krystkiewicz cites Rule 1511(a) of the Pennsylvania Rules of Civil Procedure for the proposition that the prothonotary only has the authority to enter a default judgment where a defendant fails "to plead within the required time to a complaint which contains a notice to defend." Pa. R.C.P. 1511(a). *Id.* Without such authority, Krystkiewicz contends that the judgment should be stricken as void. *Id.*

¶ 25 At the outset, we observe that Krystkiewicz never presented this challenge in her "Petition For Relief From Judgment By Default". In her petition, Krystkiewicz solely maintained that the trial court should open the judgment against her because Krystkiewicz and her counsel did not receive proper notice of the Restaurant's intention to take a default judgment, because she filed her petition for relief in a timely fashion, and because she possessed a meritorious defense to the equity action.

■ ¶ 26 As a general rule, we may not address any issues which an appellant has failed to raise in the trial court. Pa. R.A.P. 302(a). We note, however, that Krystkiewicz's claim that the prothonotary acted beyond the authority provided it by law, if accurate, would render the default judgment void *ab initio*. *See Erie Ins. Co.*, 839 A.2d at 388 (stating that the unauthorized entry of a default judgment by a prothonotary renders the default judgment void *ab initio*); *Jones v. Seymour*, 321 Pa.Super. 32, 467 A.2d 878, 880 (1983) (same). The courts of this Commonwealth have long held that an individual may seek to strike a void judgment at any time. *See Erie Ins. Co.*, 839 A.2d at 388; *Williams, supra* at 134; *Helms v. Boyle*, 431 Pa.Super. 606, 637 A.2d 630, 632 n. 2 (1994); *Graham v. Kutler*, 275 Pa.Super. 188, 418 A.2d 676, 677 (1980); *Polis v. Russell*, 161 Pa.Super. 456, 55 A.2d 558, 561 (1947). Additionally, an individual may even seek to strike a void judgment after a trial court has previously denied his/her petition to open the same judgment. *See Graham*, 418 A.2d at 677.[3]

■ ¶ 27 Upon our determination that Krystkiewicz can raise this issue at any time and cannot waive it for failing to include it in her "Petition For Relief From Judgment By Default", we must determine whether we may review the instant issue or whether we must remand to afford Krystkiewicz an opportunity to file a proper motion to strike the default judgment. While we recognize that a preference exists to raise each issue before the trial court in the first instance, we note that our Court has permitted litigants to attack other void decrees for the first time on appeal. *See generally Barnes v. McKellar*, 434 Pa.Super. 597, 644 A.2d 770, 773 (1994) (stating that a judgment or decree entered by a trial court which lacks jurisdiction over the subject matter or the person is null and void, is subject to attack at any time, and can be raised for the first time in an appellate court). Additionally, a remand of this case would not inure to the benefit of either party. Due to the nature of the claim, neither party needs to augment the record. *See Cintas Corp., supra* (stating that a request to strike a default judgment operates as a demurrer to the record). Furthermore, each of the parties has had an opportunity to fully brief and argue their respective positions on this issue. In view of these considerations, we find no compelling reason to remand for the filing of a petition to strike. Thus, we will proceed to a consideration of Krystkiewicz's claim, namely, that the prothonotary lacked the authority to enter a default judgment, thereby rendering the default judgment void *ab initio*.

■ ¶ 28 Upon review, we agree with Krystkiewicz's contention. Rule 1511(a) of the Pennsylvania Rules of Civil Procedure authorizes the prothonotary to enter a judgment of default upon the praecipe of the plaintiff where the defendant fails "to plead within a required time to a complaint **which contains a notice to defend.**" (Emphasis added). Despite this clear rule, our review of the record reveals that the

---

**3.** In stating this general proposition of law, we note that a prior decision of our Court has held that a petitioner must assert all of his/her challenges for relief, whether to strike off a judgment or to open it, in a single petition or be subject to waiver. *Rounsley v. D.C. Ventre & Sons, Inc.*, 361 Pa.Super. 253, 522 A.2d 569, 572 n. 1 (1987), *appeal denied*, 516 Pa. 614, 531 A.2d 781 (1987). In support of this proposition, the *Rounsley* court cited Pa. R.C.P. 2959(a). Upon review, we find the *Rounsley* court's reliance on this rule misplaced because the rule only applies to judgments entered by confession, not default. *See Graham, supra* at 677 (holding that Rule 2959(a) only applies to judgments entered by confession).

prothonotary entered a default judgment even though Restaurant's amended complaint did not contain a notice to defend. The Restaurant's failure to include the notice to defend constitutes a facial defect of record and renders the default judgment void due to the prothonotary's lack of authority to enter it. *See Clymire v. McKivitz*, 350 Pa.Super. 472, 504 A.2d 937 (1986) (finding the entry of a default judgment facially defective where the defendant failed to respond to a complaint which did not contain a notice to defend); *Gerber v. Emes*, 354 Pa.Super. 75, 511 A.2d 193, 198 (1986) (same); *Franklin Interiors, Inc. v. Browns Lane, Inc.*, 227 Pa.Super. 252, 323 A.2d 226, 228 (1974) (holding that "a default judgment entered where there has not been strict compliance with the rules of civil procedure is void"); *Lewandowski v. Crawford*, 208 Pa.Super. 365, 222 A.2d 601, 601 (1966) (*en banc*) (holding that the failure to endorse a pleading with the proper notice relieves the opposite party of the obligation to file a responsive pleading and precludes the entry of default judgment); *Phillips v. Evans*, 164 Pa.Super. 410, 65 A.2d 423, 424 (1949) (stating the "prothonotary acts in a ministerial and not a judicial capacity, and a judgment entered by [the prothonotary] upon default or admission, except as provided by [the Rules of Civil Procedure] is a nullity without legal effect").

¶ 29 Nevertheless, the Restaurant cites a decision of the Commonwealth Court as persuasive support for the proposition that the amended complaint "merges" with the original complaint and, as a result, a second Notice to Defend is not required. *See Township of Chester v. Stapleton*, 72 Pa. Cmwlth. 141, 456 A.2d 673 (1983). We do not find the rationale of this case persuasive, however, since we find it to be in conflict with the plain and unambiguous language of the Pennsylvania Rules of Civil Procedure. *See O.D. Anderson, Inc. v.*

*Cricks*, 815 A.2d 1063, 1069 n. 2 (Pa.Super.2003) (noting that the decisions of the Commonwealth Court are not binding on the Superior Court).

¶ 30 Foremost, Rule 1018.1 of the Pennsylvania Rules of Civil Procedure unequivocally states that "**every** complaint filed by a plaintiff ... shall begin with a notice to defend." Pa.R.C.P. 1018.1; *see* Explanatory Note, Pa.R.C.P. 1501 (finding the procedure enunciated in Rule 1018.1 applicable to equity actions). Additionally, Rule 1026 provides that

> every pleading subsequent to the complaint shall be filed within twenty days after service of the preceding pleading, but no pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead.

Pa.R.C.P. 1026; *see* Explanatory Note, Pa. R.C.P. 1501 (finding the provisions of Rule 1026 applicable in equity actions).

■ ¶ 31 In view of the plain language of Rule 1018.1, we find that every complaint, including amended complaints, must include Notice to Defend. Furthermore, as stated in Rule 1026, Krystkiewicz had no obligation to file a responsive pleading since the preceding pleading (the Restaurant's amended complaint) did not contain a notice to defend. As Krystkiewicz had no duty to respond to the complaint under Rule 1026, the prothonotary had no authority to enter the default judgment pursuant to Rule 1511. Accordingly, we reverse the order of the trial court denying Krystkiewicz's "Petition For Relief From Judgment By Default" and remand for further proceedings.

¶ 32 Order reversed. Case remanded for further proceedings consistent with this Opinion. Motion to Quash denied. Jurisdiction relinquished.

¶ 33 KLEIN, J. files Concurring Opinion.

## CONCURRING OPINION BY KLEIN, J.:

¶ 1 Although I agree with the outcome of this, I do not fully agree with the majority's reasoning. Therefore, I concur in the result.

¶ 2 The majority finds that the plain language of Rule 1018.1 mandates that an amended complaint contain a notice to defend to be effective. I believe that the rationale used by the Commonwealth Court in *Township of Chester v. Stapleton,* 72 Pa.Cmwlth. 141, 456 A.2d 673 (1983), is compelling and would adopt it.

¶ 3 The explanatory note to Rule 1018.1 makes it clear that the reasoning behind the requirement of a Notice to Defend (as opposed to a Notice to Plead) is that the Attorney General suggested that the legalistic and uninformative nature of the "Notice to Plead" was inadequate in the case of "uneducated, uninformed and unsophisticated defendants" and raised due process problems, particularly in the case of Spanish-speaking minority groups who had little, if any, knowledge of the English language." Thus, the purpose of the "Notice to Defend" is to make certain the defendant is aware that the legal process has begun and to take action. If the defendant is unaware of what action needs to be taken or does not understand what the process entails, the defendant is advised to seek the counsel of an attorney. The defendant may take the advice to obtain counsel or not as he or she sees fit.

¶ 4 Once the obligatory notice of commencement of a lawsuit has been issued, and once the defendant has been advised to seek legal counsel—especially if the defendant is unaware of what to do next—there seems little point in requiring a plaintiff to advise the defendant of the same information in an amended complaint. It should be remembered that a plaintiff will not typically file an amended complaint without some reason, such as in response to preliminary objections.[4] If preliminary objections have been filed, then common sense would seem to indicate that counsel has been hired or the defendant is savvy enough to have read the rules of procedure and has a basic understanding of the process.

¶ 5 *Stapleton, supra,* states in relevant part:

> Where, as here, the Plaintiff files a properly endorsed complaint, then files an amendment which does not supplant but rather supplements the original complaint, the amendment merges with the original and does not require an additional notice to defend under Pa. R.C.P. 1018.1. In such cases, the amendment must, of course, be endorsed with a notice to plead, in order to demand a responsive pleading under Pa. R.C.P. 1026.

*Township v. Stapleton,* 456 A.2d at 675. *Stapleton* does not do away with the requirement that the defendant be notified that a response is required, it simply recognizes the fact that the defendant has already been notified that the legal process has begun and that it is advisable to obtain counsel.

¶ 6 Allowing a "Notice to Plead" on an amended complaint appears to be consistent with the Rules of Civil Procedure, as well. Rule 1028(c)(1) speaks of filing an amended pleading in response to preliminary objections, not specifically of an amended complaint.[5] The language of

---

4. If the plaintiff amends a complaint in order to name a new party, then this actually operates as original process and a Notice to Defend is required as specified in Rule 1018.1.

5. The only amended pleading possible, in response to preliminary objections is an amended complaint. While other responses to preliminary objections are possible—e.g. one

Rule 1028(c)(1) indicates that the amended pleading (complaint) is to be treated as simply another pleading, not as an original complaint. Thus, the Rule 1026 Notice to Plead would appear to be allowable. Rule 1026 states:

> Except as provided by subsection (b), every pleading subsequent to the complaint shall be filed within twenty days after the service of the preceding pleading, but no pleading need be filed unless the preceding pleading contains a notice to defend or is endorsed with a notice to plead.

Pa.R.C.P. 1026(a). An amended complaint certainly qualifies as a "pleading subsequent to the complaint" when viewed in light of the language of Rule 1028. Thus, I believe the majority has unduly restricted the nature of the notice required when filing an amended complaint.

¶ 7 Nonetheless, I agree with the outcome in this matter because plaintiff included neither a Notice to Defend nor a Notice to Plead. Because neither such notice was included, defendant had no duty under Rule 1026 to respond to the amended complaint, thereby making the default unsupportable as a matter of law.

¶ 8 I also note that Mother's argues that counsel for Krystkiewicz was remiss in not filing an entry of appearance. Neither the Rules of Civil Procedure nor case law requires counsel to file a separate, formal notice of appearance.

> A party may enter a written appearance which shall state an address within the Commonwealth at which papers may be served. Such a paper shall not constitute a waiver of the right to raise any defense including questions of jurisdiction or venue. Written notice of entry

of appearance shall be given forthwith to all parties.

> Note: Entry of a written appearance is not mandatory.

Pa.R.C.P. 1012(a). As long as a defendant files a responsive pleading that contains sufficient information to determine where legal papers may be served, no other separate appearance is required under the Rule. This interpretation is supported by *Fleck v. McHugh*, 241 Pa.Super. 307, 361 A.2d 410, 414 (1976), which stated an attorney's filing of preliminary objections containing all the information that "could possibly be contained in an entry of appearance," even though those preliminary objections were ultimately dismissed, still served as the functional equivalent of a formal entry of appearance.

¶ 9 While it is preferable for counsel to file the actual entry of appearance (thereby preventing the problems that occurred in this matter), it is not a requirement.

may file preliminary objections to the preliminary objections—these would not be "amended" pleadings, but simply responsive pleadings.