ROSENN, Circuit Judge,
concurring.
I concur with the majority that Knap-per’s complaint should be dismissed. I write separately, however, because I believe this result is compelled by the basic legal principles of federal-state comity and full faith and credit, rather than the Rook-er-Feldman doctrine relied upon by the majority.
Knapper having failed to answer the foreclosure complaints served upon her, the state court awarded default judgment against her. Pennsylvania law provides two distinct remedies for an aggrieved party to obtain relief from the entry of a default judgment: file a petition to strike the default judgment or file a petition to open the default judgment. Mother’s Rest. Inc. v. Krystkiewicz, 861 A.2d 327, 336 (2004). A petition to strike can only be granted if a fatal defect appears on the record, and a petition to open is granted only if it is filed timely, proffers a meritorious defense, and the court excuses petitioner’s failure to appear or answer. Id. (quoting Cintas Corp. v. Lee’s Cleaning Servs., Inc., 549 Pa. 84, 700 A.2d 915, 918-19 (1997)).
Here, Knapper did not attempt to prove there was a fatal defect on the face of the record at the time the judgment was entered, nor could she, because the return of service was complete. Nor did Knapper seek, promptly or otherwise, to open the judgment. Instead of availing herself of the complete remedy available in the state court to challenge the foreclosure judgment and the alleged defective service, Knapper now seeks the shelter of the federal bankruptcy court to void the foreclosure judgments.
Where, as here, a final judgment has been entered by the state court, the Full Faith and Credit statute, 28 U.S.C. § 1738, requires such judgment be accorded the same respect and finality in federal court it would receive in its state of origin. McDonald v. City of West Branch, 466 U.S. 284, 287, 104 S.Ct. 1799, 80 L.Ed.2d 302 (1984). It is inappropriate, therefore, for the Bankruptcy Court to stand in judgment of the merits of the valid state court judgment. The only apparent exception to this rule of federal-state comity is where, unlike here, the judgment is void ab initio. See e.g., 11 U.S.C. §§ 544 (allowing bankruptcy courts to invalidate judgments predicated upon fraudulent conveyances). Because the state court judgment against Knapper was valid and the sheriffs sale of her properties was not fraudulent, Knap-per, perforce, cannot attack the state court judgment at this stage.
*585 This result is not altered by Knapper’s attempt to cloak her claim as a constitutional challenge to the service of process. Courts must look beyond form to address the substance of a claim. Lewis v. Attorney General of U.S., 878 F.2d 714, 722 n. 20 (3d Cir.1989) (“A pleading will be judged by its substance rather than according to its form or label .... ”). Having failed to challenge the. foreclosure judgments either before or after they became final in state court, Knapper is seeking, in effect, a federal judgment to overturn a valid state court judgment. However, given the sanctity accorded valid state court judgments by federal-state comity and the Full Faith and Credit statute, Knapper’s appeal should be dismissed.