J-A19009-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ELISEO-THL MOTORSPORTS, LLC, A PENNSYLVANIA LIMITED LIABILITY COMPANY, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| v. | |
| ELISEO SALAZAR, INDIVIDUALLY AND T/D/B/A ELISEO SALAZAR RACING, INC., SALAZAR RACING INC. AND SALAZAR RACING, KARI MARCINIAK AN INDIVIDUAL, ELISEO SALAZAR RACING, INC., A FLORIDA CORPORATION, INDIVIDUALLY AND T/D/B/A SALAZAR RACING, INC., AND SALAZAR RACING, ELISEO SALAZAR RACING, INC., A PENNSYLVANIA CORPORATION, INDIVIDUALLY AND T/D/B/A SALAZAR RACING, INC., AND SALAZAR RACING, AND SALAZAR RACING, INC., A PENNSYLVANIA CORPORATION AND SALAZAR RACING, AN UNREGISTERED FICTITOUS NAME, | |
| Appellants | No. 1718  WDA 2013 |

Appeal from the Order Entered October 21, 2013
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD 13-007243

BEFORE:  BENDER, P.J.E., OLSON, J., and FITZGERALD, J.[*]

DISSENTING MEMORANDUM BY BENDER, P.J.E.:  **FILED OCTOBER 06, 2014**

---

[*] Former Justice specially assigned to the Superior Court.

I must respectfully dissent from the Majority's conclusion that default judgment was properly entered in accordance with Pa.R.C.P. 1037(b). Because I disagree with that determination, I would conclude that Appellants' petition to open default judgment was premature, and it should have been dismissed without prejudice by the trial court. Accordingly, I would vacate the court's order and remand for further proceedings.

The Pennsylvania Rules of Civil Procedure state:

**Rule 1037. Judgment Upon Default or Admission. Assessment of Damages**

…

(b) *The prothonotary, on praecipe of the plaintiff, shall enter judgment against the defendant* for failure to file within the required time a pleading to a complaint which contains a notice to defend or, except as provided by subdivision (d), for any relief admitted to be due by the defendant's pleadings.

Pa.R.C.P. 1037(b) (emphasis added).

It is imperative that the prothonotary enter default judgment before an aggrieved party may petition the court for relief from that default judgment. ***Mother's Restaurant, Inc. v. Krystkiewicz,*** 861 A.2d 327, 334-35 (Pa. Super. 2004). This Court has explained, "[T]he plain language of the rules demonstrates that the entry of the default judgment occurs … when the prothonotary recognizes that a litigant has filed a proper praecipe for the entry of a default judgment and ***when the prothonotary enters a default judgment on the docket.***" ***Id.*** at 35 (emphasis added). In other words, the entry of default judgment is not completed until the prothonotary

records it on the docket. Accordingly, a party cannot petition to open default judgment until it has been properly entered. ***See*** Pa.R.C.P. 237.3(b) ("If the petition is filed within ten days ***after the entry of the judgment on the docket,*** the court shall open the judgment if the proposed complaint or answer states a meritorious action or defense.") (emphasis added).

Here, the Majority states that "[o]n June 26, 2013, the ACDCR entered default judgment in favor of THL Motorsports and against the individual Appellants, in accordance with Pennsylvania Rule of Civil Procedure 1037(b)." Majority Decision at 2. I cannot agree with the Majority's interpretation of the June 26, 2013 docket entry. That entry merely confirms the *filing* of Appellee's praecipe for default judgment. More specifically, the entry states that (1) Appellee, as the filing party, is seeking default judgment for an undetermined amount, (2) Appellee certifies that appropriate notice was given to Appellants prior to the filing of the praecipe for entry of default judgment, and (3) Appellee sent notice to Appellants that the praecipe was filed on June 26, 2013. Notably, the June 26, 2013 entry lists the "filing party" as THL Motorsports, not the ACDCR.[1]

---

[1] By contrast, in other civil cases in Allegheny County, the ACDCR has explicitly recorded, as a separate docket entry, the entry of default judgment shortly after the petitioner files its praecipe for entry of default judgment. In such cases, the "filing party" is listed as the ACDCR.

Contrary to the Majority's position, I do not consider the June 26, 2013 docket entry as demonstrating that the ACDCR entered default judgment on the docket. We are not permitted to presume that default judgment was properly entered if the certified record does not support such a determination. *See Commonwealth v. Young*, 317 A.2d 258, 264 (Pa. 1974) ("The fundamental tool for appellate review is the official record of what occurred at trial. Only the facts that appear in this record may be considered by a court.") (internal citations omitted); *Commonwealth v. Preston*, 904 A.2d 1, 6 (Pa. Super. 2006) ("[O]ur law is the same in both the civil and criminal context because, under the Pennsylvania Rules of Appellate Procedure, any document which is not part of the officially certified record is deemed non-existent — a deficiency which cannot be remedied merely by including copies of the missing documents in a brief or in the reproduced record.") (internal citations omitted).

For these reasons, I would conclude that default judgment was not properly entered by the ACDCR. Therefore, Appellants' petition to open default judgment was premature and should have been denied without prejudice by the trial court. Accordingly, I would vacate the court's order and remand for further proceedings.