J-A03016-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BRENDENA BARDO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| STATE FARM MUTUAL AUTOMOBILE | : | No. 1054 MDA 2020 |
| INSURANCE COMPANY AND CARLA | : | |
| FERREIRA | : | |

Appeal from the Order Entered July 28, 2020,
in the Court of Common Pleas of Lycoming County,
Civil Division at No(s):  CV-2020-0000453-DL.

BEFORE:  LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

JUDGMENT ORDER BY KUNSELMAN, J.:          **FILED JANUARY 27, 2021**

This case arises from a car accident between the Plaintiff, BrenDena Bardo, and Defendant, Carla Ferreira.  Ms. Bardo appeals from an order sustaining the preliminary objections of a Co-Defendant, State Farm Mutual Automobile Insurance Co.  Because that order is not final, we lack subject-matter jurisdiction over this premature appeal and quash.

According to Ms. Bardo's complaint, the car accident occurred in March of 2019, and she suffered a foot injury.  State Farm insured both drivers, and the insurance-claim process confused Ms. Bardo.  State Farm's adjuster never explained to Ms. Bardo "that he was representing [Ms. Ferreira] and that he was negotiating a full and final release of any and all claims related to [the] accident."  Complaint at 4.  Ms. Bardo orally accepted a payment of $865.20 for lost wages, because she believed that the funds were coming from the first-party benefits under her State Farm policy, ***not*** from Ms. Ferreira's policy.

Two months later, Ms. Bardo called State Farm's adjuster to seek money for an upcoming foot surgery. The adjuster denied coverage based upon the prior payment for lost wages.

On March 3, 2020, Ms. Bardo sued State Farm and Ms. Ferreira. She sought declaratory judgment to challenge the adjuster's assertion that the $865.20 was a full and final release of all her claims against both defendants.

State Farm filed preliminary objections, but Ms. Ferreira, by separate counsel, filed an answer and new matter. Ms. Ferreira asserted Ms. Bardo's "claims are or may be barred . . . based on . . . accord and satisfaction . . . ." Ferreira Answer and New Matter at 7. Ms. Bardo filed a reply to Ms. Ferreira's new matter, denying all allegations.

Next, the trial court sustained the preliminary objections of State Farm, thereby dismissing the complaint as to State Farm. The court did not mention Ms. Ferreira in its order (nor could it, because Ms. Ferreira raised no preliminary objections). In other words, the suit between Ms. Ferreira and Ms. Bardo remains pending in the trial court, and Ms. Bardo's complaint still is active as to Ms. Ferreira.

Despite Ms. Ferreira still being an active defendant, Ms. Bardo filed a notice of appeal from the order sustaining State Farm's preliminary objections.

Although she raises eight issues, before addressing any of them, we must determine our jurisdiction.

We may "raise the issue of jurisdiction *sua sponte*." **Forrester v. Hanson**, 901 A.2d 548, 554 (Pa. Super. 2006). Being "a pure question of

law, the standard of review in determining whether [this Court has] subject-matter jurisdiction is *de novo*, and the scope of review is plenary." ***In re Admin. Order No. 1-MD-2003***, 936 A.2d 1, 5 (Pa. 2007).

"[A]n appeal may only be taken from: 1) a final order or one certified by the trial court as final; 2) an interlocutory order as of right; 3) an interlocutory order by permission; or 4) a collateral order." ***Mother's Restaurant, Inc. v. Krystkiewicz***, 861 A.2d 327, 331 (Pa. Super. 2004) (*en banc*). "To constitute a final order, the order appealed from must have disposed of all claims and of all parties, have been defined as final by statute, or have been certified as final by the trial court." ***Id.*** at 332; ***see also*** Pa.R.A.P. 341(b).

Here, the preliminary objections of State Farm, once sustained, only disposed of the claims between Ms. Bardo and State Farm. The claims against Ms. Ferreira remain pending below. Thus, the appealed order did not dispose of all claims and all parties, it is not final by statute, nor did the trial court certify it as a final order. Accordingly, the order on appeal is not one over which this Court has jurisdiction. This appeal is premature until the trial court resolves all the claims regarding all the parties named below.

The trial court retains jurisdiction to resolve the claims between Ms. Bardo and Ms. Ferreira. ***See*** Pa.R.A.P. 1701(b)(6).

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/27/2021