J-A24032-25

2025 PA Super 279

THE ORCHARDS INC.      :   IN THE SUPERIOR COURT OF
             :      PENNSYLVANIA
             :
    v.          :
             :
             :
H. JOSH BOHANON       :
             :
     Appellant      :   No. 1650 MDA 2024

Appeal from the Order Entered October 8, 2024
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s):  20 CV 4531

BEFORE:  DUBOW, J., KUNSELMAN, J., and BECK, J.

OPINION BY KUNSELMAN, J.:       **FILED DECEMBER 12, 2025**

H. Josh Bohanon appeals from the order denying his motion to lift a bench warrant issued, after he failed to appear for a court-ordered deposition in aid of execution of a judgment.  Upon review, we quash Bohanon's appeal.

In April 2009, Bohanon leased a residential apartment located at 353 Orchard Street, Old Forge, Pennsylvania, owned by The Orchards Inc.  This lease continued for years.  In March 2020, Bohanon stopped paying his rent.

Thereafter, The Orchards filed a complaint against Bohanon with the magistrate for the past due rent and possession.  Judgment *in abstentia* was entered against Bohanon on November 12, 2020.  Bohannon appealed.  On January 9, 2023, the trial court entered judgment by consent against Bohannon in the amount of $65,000.

On March 7, 2023, The Orchards served Bohanon with a notice of deposition in aid of execution. The parties scheduled Bohanon's deposition for March 30, 2023, but he did not appear.

As a result, on April 6, 2023, The Orchards filed a motion to compel Bohanon's deposition. The trial court granted this motion on July 20, 2023, and ordered Bohanon to appear for his deposition within 30 days.

After several continuances, the parties ultimately scheduled Bohanon's deposition for August 18, 2023. Bohanon's counsel appeared for the deposition as scheduled, but Bohanon did not. Bohanon's counsel explained that Bohanon texted him that he got sick while he was on his way to the deposition and could not attend.

Consequently, on August 24, 2023, The Orchards asked the trial court to issue a bench warrant for Bohanon's failure to appear. On November 30, 2023 (filed December 4, 2023), the trial court issued the following order:

> [Bohanon] . . . having failed to comply with the Order dated 7/20/23 . . . wherein he was ordered to appear for deposition and any response thereto within thirty (30) days from the date of the July 20, 2023 Order, it is hereby **ORDERED** that the Sheriff of Lackawanna County shall take into custody [Bohanon] . . . to answer why the said Defendant has failed to comply with said Order. The said Sheriff shall hold [Bohanon] at the Lackawanna County Prison until he is available to answer to this Court why he refuses to comply with this order.
>
> It is the preference of this Court, if possible, that [Bohanon's] arrest be achieved on either a Monday or Thursday in order to assure that the issuing authority senior judge may be more expeditiously available at chambers . . . .

The court issued a bench warrant for Bohannon the next day. However, when the sheriff attempted to serve Bohanon at a Pennsylvania address given by Bohanon's counsel, he was informed that Bohanon was in Colorado. Bohanon was not taken into custody.

On June 27, 2024, more than six months later, Bohanon presented a motion to lift the bench warrant.[1] Therein, Bohanon claimed that he had resided in Utah for over a year and no longer resided in Pennsylvania. Further, Bohanon maintained that, at the time of the "live, in-person" deposition, he was sick and unable to attend. According to Bohanon, he did not intentionally or willfully refuse to comply with the court's order and was willing to attend a deposition immediately via zoom or other electronic means. Following argument, the trial court denied Bohanon's motion on October 7, 2024 (docketed October 8, 2024).

Bohanon appealed this order and complied with Appellate Rule 1925. The trial court did not file an Appellate Rule 1925(a) opinion.

On appeal, Bohannon raises several issues, which we have restated, regarding the validity of the bench warrant and the court's refusal to lift it:

> Whether the trial court abused its discretion in finding Bohannon in civil contempt of its July 20, 2023, order compelling him to sit for a deposition and issuing a bench warrant by its order dated November 30, 2023?

_____

[1] Notably, this motion is not in the certified record.

Whether there was substantial/sufficient evidence to establish that Bohanon's failure to comply with the court's July 20, 2023, order was volitional?

Whether there was substantial/sufficient evidence to establish that Bohanon acted with wrongful intent or not inadvertently in failing to comply with the court's July 20, 2023 order?

*See* Bohanon's Brief at 4.

Preliminarily, we must determine whether Bohanon's appeal is properly before us.[2]  "The appealability of an order directly implicates the jurisdiction of the court asked to review the order." *Winner v. Progressive Advanced Ins. Co.*, --- A.3d ---, 2025 WL 2716494 (Pa. Super. Sept. 24, 2025); *Mother's Rest., Inc. v. Krystkiewicz*, 861 A.2d 327, 331 (Pa. Super. 2004). "An appeal may be taken from: (1) a final order or an order certified as a final order; (2) an interlocutory order as of right; (3) an interlocutory order by permission; or (4) a collateral order." *Winner*, *supra* at 3.

"[A]n appeal may be taken as of right from any final order . . . ." Pa.R.A.P. 341(a).  A final order is one that "disposes of all claims and of all parties[.]" Pa.R.C.P. 341(b)(1).

"[A]n order is collateral under Rule 313 [and thus appealable] if: (1) the order is separable from the underlying cause of action; (2) it involves a right too important to be denied review; and (3) it presents an issue that will be

---

[2] Upon receipt of Bohanon's appeal, we issued a show cause order directing Bohanon to explain why we should not quash the appeal as interlocutory. Bohannon responded, claiming that it was a final order or alternatively a collateral order. Concluding that it may be a collateral order, we discharged the rule, and deferred this jurisdiction issue to the merits panel.

irreparably lost if appellate review is postponed until after final judgment." ***Brooks v. Ewing Cole, Inc.***, 259 A.3d 359, 371 (Pa. 2021); ***see*** Pa.R.A.P. 313. We must construe the collateral order doctrine narrowly to preserve the integrity of the final order rule and avoid piecemeal litigation. ***See McIlmail v. Archdiocese of Philadelphia***, 189 A.3d 1100, 1104 (Pa. Super. 2018).

Bohannon maintains that this matter is properly before the Court. Specifically, he argues that because the trial court found him in contempt and sanctioned him, the order is final. ***See*** Bohanon's Answer to Show Cause Order at 2-3. Alternatively, he argues that the order denying the motion to lift the bench warrant is a collateral order. ***Id.*** at 4-5. Therefore, Bohannon claims we should not quash his appeal and should consider his issues. ***Id.*** at 5.

The Orchards claims that the order is not final and therefore not appealable. Bohanon's Brief at 8. Specifically, it argues the trial court did not determine that Bohanon was in contempt and did not sanction him. Instead, the trial court issued the bench warrant to bring Bohanon before the court to answer for his noncompliance; this would allow Bohanon to provide evidence as to why he did not intentionally violate the court's July 20, 2023, order. ***Id.*** at 9, 11-13. Therefore, The Orchards maintains that we should quash Bohanon's appeal. ***Id.*** at 14. We agree.

Here, the trial court only issued a bench warrant. This Court has held that an order refusing to revoke a bench warrant is an interlocutory order. ***In re Koll***, 457 A.2d 570 (Pa. Super. 1983). Furthermore, as The Orchards

- 5 -

argues, the court did not determine that Bohanon was in contempt and did not issue the bench warrant as a sanction but rather as a means to bring him before the court to address his noncompliance. Until sanctions are actually imposed by the trial court, an order declaring a party to be in contempt is interlocutory and not appealable. *Lachat v. Hinchcliffe*, 769 A.2d 481, 488 (Pa. Super. 2001); *see also Chadwick v. Caufield,* 834 A.2d 562 (Pa. Super. 2003) (an order issuing a bench warrant after a finding of contempt was interlocutory and the appeal was quashed). Therefore, we conclude that the trial court's refusal to lift the bench warrant was not a final order.

We further conclude that the order was not appealable as a collateral order. Consideration of the validity of the bench warrant, and the trial court's refusal to lift it, is separable from collection of the judgment, which satisfies the first prong of Appellate Rule 313. However, it does not satisfy the second prong which requires that the appeal "involve rights deeply embedded in public policy . . . [that go] beyond the specific litigation before the court[.]" *Commonwealth v. Sabulat*, 46 A.3d 1286, 1290 (Pa. Super 2012). It is insufficient that the issue for review is important to a particular party. *Melvin v. Doe*, 836 A.2d 42, 47 (Pa. 2003). Here, the issue of whether the trial court improperly issued the bench warrant and, therefore, should have lifted the bench warrant, only affects Bohanon.

Furthermore, Bohanon's claim does not satisfy the third prong of Appellate Rule 313(b) which requires "irreparable loss." Because the trial court has not determined that Bohanon was in contempt, Bohanon has not

lost his right to due process. Moreover, he has not lost his freedom; the trial court did not imprison Bohanon as a penalty for his alleged noncompliance. Instead, the court issued the bench warrant to bring Bohanon before the court to determine whether he should be held in contempt. Bohanon had, and still has, the ability to resolve the bench warrant by appearing before the court.

Accordingly, because the order denying the motion to lift is not a final order, and Bohanon's issues do not satisfy all prongs of the collateral order rule, we lack jurisdiction to entertain this appeal.

Appeal quashed.


Judgment Entered.


Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/12/2025