J-S16028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| EZRA REUVEN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DARIUS MASON AND VENEZLA MASON | |
| Appellants | No. 1818 EDA 2015 |

Appeal from the Order Entered May 18, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 150202815

BEFORE:  OTT, J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                     **FILED JUNE 22, 2016**

Darius Mason and Venezla Mason (Masons) appeal from the order entered on May 18, 2015, in the Court of Common Pleas of Philadelphia County, denying their appeal of the Municipal Court's denial of their motion to open or strike judgment in favor of Ezra Reuven (Reuven).  In this timely appeal, the Masons claim the Court of Common Pleas erred in failing to recognize the judgment was defective on its face due to lack of service of the underlying complaint and lack of Municipal Court jurisdiction due to the amount of damages sought.  Additionally, the Masons argue the Court of Common Pleas failed to recognize the underlying judgment should have been opened because Reuven failed to present any evidence supporting the

judgment. After a thorough review of the Appellants' brief,[1] the certified record and relevant law, we affirm on the basis of the trial court opinion, dated June 25, 2015, authored by the Honorable Nina Wright Padilla.

We glean the underlying facts from the certified record. The Masons had an oral lease with Reuven regarding the property located at 537 N. 35th Street, Philadelphia, Pennsylvania, more commonly known as the Easy Corner Bar. In 2013, the Masons fell behind on the rent and allegedly caused damage to the property. Reuven filed suit against the Masons, seeking a judgment of possession and a money judgment of more than $9,000.00 in unpaid rent and more than $42,000.00 to repair the property. The total amount of damages claimed was $52,568.18. This action was brought as a landlord/tenant lawsuit in the Philadelphia Municipal Court. The Masons were served notice of the suit by posting the premises.

The Masons did not appear for trial and judgment was entered on December 17, 2013, in favor of Reuven for $52,700.68.[2] Reuven was also awarded possession of the property. Eight months later, on August 26, 2014, the Masons filed a petition to open judgment, which was voided on September 9, 2014, due to their failure to act. Four months later, on December 30, 2014, the Masons filed another petition to open judgment,

_____

[1] The Appellee, Ezra Reuven, did not file a brief.

[2] The judgment represents the amount sought in damages plus $132.50 in costs.

which was denied on February 6, 2015, in the Municipal Court following a hearing. On February 25, 2015, the Masons filed an appeal of that denial with the Court of Common Pleas. On March 27, 2015, the Masons filed a motion to open or strike the Municipal Court judgment, claiming the Municipal Court lacked jurisdiction due to a failure to serve original process and because the amount sought exceeded the jurisdictional limits of the Municipal Court. Additionally, the Masons claimed that Reuven had not presented any admissible evidence to support the claim for damages.

Our standard of review regarding a petition to strike is:

> A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record.... An order of the court striking a judgment annuls the original judgment and the parties are left as if no judgment had been entered.
>
> *Cintas Corporation v. Lee's Cleaning Services, Inc.*, 549 Pa. 84, 89-90, 700 A.2d 915, 917 (1997) (*quoting* *Resolution Trust Corporation v. Copely Qu-Wayne Associates*, 546 Pa. 98, 106, 683 A.2d 269, 273 (1996)). In determining whether fatal defects exist on the face of the record for the purpose of striking a judgment, a court may look only at what was in the record when the judgment was entered. *Cintas Corporation*, *supra* at 90, 700 A.2d at 917. We review a trial court's refusal to strike a judgment for an abuse of discretion or an error of law. *Frontier Leasing Corporation v. Shah*, 931 A.2d 676 (Pa. Super. 2007).

*Knickerbocker Russell Co., Inc. v. Crawford*, 936 A.2d 1145, 1146-47 (Pa. Super. 2007).

Regarding the denial of a petition to open, we are required to,

examine the entire record for any abuse of discretion, reversing only where the trial court's findings are inconsistent with the clear equities of the case. Moreover, this Court must determine whether there are equitable considerations which require that a defendant, against whom a default judgment has been entered, receive an opportunity to have the case decided on the merits. Where the trial court's analysis was premised upon record evidence, where its findings of fact were deductions from other facts, a pure result of reasoning, and where the trial court made no credibility determinations, this Court may draw its own inferences and arrive at its own conclusions. Finally, where the equities warrant opening a default judgment, this Court will not hesitate to find an abuse of discretion.

***Reid v. Boohar***, 856 A.2d 156, 159 (Pa. Super. 2004) (citation omitted).[3]

As noted above, the trial court opinion ably discusses and disposes of the Masons' arguments. Our review of the certified record discloses no abuse of discretion or error of law therein. Accordingly, we rely upon the sound reasoning of the Honorable Nina Wright Padilla.[4]

Order affirmed. Parties are directed to attach a copy of the trial court opinion in the event of further proceedings.

_____

[3] We join in the trial court reminding counsel for the Masons that a petition to strike and petition to open are distinct claims seeking "distinct remedies and generally are not interchangeable." ***Aquilino v. Philadelphia Catholic Archdiocese***, 884 A.2d 1269, 1280 (Pa. Super. 2005).

[4] We note the Masons' argument that while Reuven styled the action as landlord-tenant, "that action was actually one for damages arising out of [the Masons] claimed destruction of Reuven's property." The Masons' Brief, at 13. However, Judge Wright Padilla determined the action was properly brought in the Municipal Court as a landlord/tenant action which does not have a jurisdictional upper limit to damages and the Masons have provided no case law that overcomes that determination.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2016

Received 07/29/2015 Superior Court Eastern District 11:34 AM

Filed 07/29/2015 Superior Court Eastern District
1818 EDA 2015

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA

EZRA REUVEN               :     SUPERIOR COURT No.
                           :     1818 EDA 2015
      v.               :
                           :     Civil Division
                           :     February Term 2015, No. 2815
DARIUS MASON and VENEZLA MASON    :

## OPINION

Appellants, Darius and Venezla Mason, appeal from this Court's Order denying their Petition to Open Judgment.

## FACTS AND PROCEDURAL HISTORY

On February 25, 2015, Appellants commenced this action by appealing from a Municipal Court judgment.

The underlying Municipal Court case was a landlord-tenant action filed November 13, 2013, in which Appellee, Ezra Reuven, sought to recover $52,568.18 in damages and regain possession of the premises. Service was effectuated on Appellants on November 21, 2013, by posting the address of 537 N. 35th Street, Philadelphia, Pennsylvania.

Appellee obtained a judgment by default on December 17, 2013. Appellants filed a pro se Petition to Open Judgment in Municipal Court on August 26, 2014 which was voided on September 9, 2014, following their failure to act[1] and a counseled Petition to Open Judgment by default on December 30, 2014.[2] The second petition was denied February 6, 2015, following a hearing before the Municipal Court.

Reuven Vs Mason Etal-OPFLD



15020281500020

---

[1] This information was obtainable only from the Municipal Court transcript. See, Notes of Testimony 2/6/15 at 6-7.

[2] Counsel entered his appearance October 9, 2014 but did not file his petition until December 30, 2014.

1

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b)    06/26/2015

On March 27, 2015, Appellants filed a Motion to Strike/Open the Municipal Court judgment, arguing that the Municipal Court was without jurisdiction to enter the underlying judgment as it was not a landlord-tenant matter; that the judgment was defective as service had not been perfected on defendants; that the Municipal Court lacked jurisdiction because the matter in controversy exceeded the Municipal Court's jurisdictional maximum; that the Municipal Court had failed to take admissible and/or testimonial substantiating evidence; that Appellants had no notice of the hearing; and that the complaint was defective as it had not attached the lease or other accompanying documents necessary for a landlord-tenant complaint.

On April 20, 2015, Appellee filed an Answer in Opposition to Appellants' Motion to Strike, arguing that neither the instant Petition nor any of Appellants' Municipal Court Petitions had been timely filed, nor had Appellants offered a reasonable excuse for failing to attend the hearing in Municipal Court. Further, Appellee argued that Appellants had not alleged that a review of the Municipal Court record had demonstrated that the Court abused its discretion in denying the Petition. Appellee denied all of Appellants' averments.

On April 22, 2015, Appellants filed a Memorandum in Support of their Motion to Strike, arguing that Appellants had not been properly served as service was effectuated by posting a property that had been vacated, and additionally arguing that Appellee's response should be stricken as non-Local Rule compliant.

On May 18, 2015, following a review of the relevant pleadings as well as the record, this Court denied Appellants' Motion to Strike.

On June 3, 2015, Appellants filed a timely Notice of Appeal to the Superior Court of Pennsylvania.

On June 5, 2015, this Court issued its Order pursuant to Pa.R.A.P. 1925(b), directing Appellant to file his Concise Statement of Matters Complained of on Appeal within twenty-one (21) days.

2

On June 23, 2015, Appellant filed a timely Statement of Matters Complained on Appeal, averring that this Court erred: in denying the motion to strike and/or open judgment; in not finding that the judgment was defective on its face as the judgment had been entered in Municipal Court as a landlord-tenant matter when the amount in controversy exceeded the Municipal Court's jurisdictional limits; in denying the motion when the underlying judgment was "entered upon a hearing with no evidence presented" and the complaint fails to conform to Municipal Court requirements; and in refusing a requested evidentiary hearing.

## DISCUSSION

This matter is an appeal from a lower court order denying Appellants' Petition to Strike and/or Open Judgment.

A supplementary order granting or denying a petition to open a default judgment is appealable to the Court of Common Pleas, but the appeal is limited to a review of the record. Phila.Civ.R. 1001(a)(3). The time to file an appeal from a supplementary order is within thirty (30) days after the date of the entry of the order on the dockets of the Municipal Court. Phila.Civ.R. 1001(c)(5). Such an appeal proceeds as a motion pursuant to Pa.R.C.P. 208.1 *et seq.* and Phila.Civ.R. *208.2(c) et seq.*, and the appeal is limited to a determination by this Court whether the Municipal Court committed an error of law or abused its discretion in ruling on the petition or motion which is the subject of the appeal. Upon the issuance of a dispositive order by the Court of Common Pleas, the action shall be remanded to the Municipal Court for further proceedings consistent with the Order. Phila.Civ.R. 1001(g)(2).

Appellants' Petition to Strike and/or Open Judgment was denied February 6, 2015, and their appeal to this Court timely filed on February 25, 2015. On review, this Court is limited to a review of the record and whether or not the Municipal Court committed an error of law or abused its discretion in its Order denying Appellants' Petition.

3

To obtain relief from the entry of a default judgment, the law provides two distinct remedies – an aggrieved party may file a petition to strike the default judgment and/or a petition to open the default judgment. *Mother's Rest. Inc. v. Krystkiewicz*, 2004 PA Super 411, 861 A.2d 327, 336 (Pa. Super. Ct. 2004). They are generally *not* interchangeable; a petition to strike does not involve the discretion of the court but is a demurrer to the record. *Id.* A petition to open judgment, on the other hand, is an appeal to the equitable powers of the court. *Id.* The standard of appellate review is that of abuse of discretion with regard to the petition to open only; the court's decision will not be reversed absent an abuse of discretion or error of law. *Erie Ins. Co. v. Bullard*, 2003 PA Super 448, 839 A.2d 383, 386 (2003).

## I. DENIAL OF PETITION TO STRIKE

As noted above, a petition to strike is a demurrer to the record. *Mother's Rest., Inc.*, 861 A.2d at 336. Such a demurrer "admits all well-pleaded facts for the purpose of testing conclusions of law drawn from those facts," and the court may only look at the facts of record at the time the judgment was entered to decide if the record supports the judgment. *Id.* A petition to strike may be granted only if a fatal defect appears on the record. *Id. See also U.K. LaSalle, Inc. v. Lawless*, 421 Pa.Super. 496, 618 A.2d 447 (1992). "Importantly, a petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief." *Oswald v. WB Pub. Square Associates, LLC*, 2013 PA Super 289, 80 A.3d 790, 794 (2013). A petition to strike does not involve the discretion of the court. *Triangle Printing Co. v. Image Quest*, 730 A.2d 998, 999 (Pa. Super. 1999).

Appellants argue that this Court should have stricken the judgment of the record as defects were evidence on the face of the record, namely: the amount in controversy exceeded the Municipal Court's jurisdictional limits; because service was not made on Appellants; and that the Complaint failed

4

to conform to Municipal Court requirements.[3] They argue that this case was not a landlord-tenant matter.

A review of the record showed that the filed complaint provides that Appellee noted that there was a lease between Appellants and himself at 537 N. 35th Street, Philadelphia Pennsylvania, 19104; the lease was a **non-residential oral lease** that began June 1, 2012 for a term of a year or more. The complaint averred that Appellants were **in possession of the property** and refused to surrender possession of the property. The Complaint included an attached exhibit containing itemization of unpaid rent as well as other damages incurred by Appellee, an invoice of the damages, as well as a police report filed by Appellee against Appellants. The case was docketed in Municipal Court as a landlord-tenant action. A non-military affidavit was filed the same day as the Complaint, and affidavits of service upon Appellants were filed November 27, 2013. Said affidavits indicated that service was made on Appellants on November 21, 2013 at 537 N. 35th Street, Philadelphia, Pennsylvania, by posting the property, pursuant to the Philadelphia Municipal Court rules which allow for landlord-tenant complaints to be served by posting the leased premises. *See* Phila. M.C.R. Civ.P. 111. A hearing was scheduled for December 17, 2013.

From an examination of the record Appellants have pointed to no errors evident from the face of the record that would justify granting their petition. A complaint was filed in a landlord-tenant matter in Municipal Court, which allows for judgments of more than $5,000.00 in matters arising under the subsection;[4] Appellee averred that a lease was not attached because it was an oral lease, and under the Landlord Tenant Act oral leases are permitted for leases less than three (3) years;[5] Appellants were served at a Property where it was averred that they were in possession and refused to surrender possession; as well as police reports and invoices of damages. Again, as noted above, a

---

[3] In Appellant's original petition, the only defects Appellant challenged with regard to the Complaint were "it did not even attach the claimed violated lease nor other accompanying documents requisite to file a putative (denied) landlord-tenant complaint before the Municipal Court." *See* Appellants' Petition to Strike, ¶ 7(f).
[4] See 42 Pa.C.S. § 1123.
[5] See 68 P.S. § 250.201.

Petition to Strike is limited to a review of the available record and is not within the discretion of the Court. A review of Phila. M.C.R. Civ.P. 109 as well as the available record shows that the Complaint was substantially in conformance with the Rules and that Appellants were properly served in accordance with Phila M.C.R. Civ. P. 111.

Consequently, the Municipal Court did not err in denying Appellants' Petition to Strike, and neither did this Court err in refusing to find an abuse of discretion in that decision.

## II. DENIAL OF PETITION TO OPEN

Petitions to open judgment are appeals to the discretion of the trial court and will not be reversed absent a manifest abuse of discretion or error of law. *Erie Ins. Co. v. Bullard*, 2003 PA Super 448, 839 A.2d 383, 386 (2003). Petitions to open judgment must show that: the petition was promptly filed; the failure to appear or file a timely answer must be excusable; the party seeking to open the judgment must show a meritorious defense. *Mother's Rest., Inc.*, 861 A.2d at 336. The Court may consider facts not before it at the time judgment was entered. *Id.*

### a. *Prompt Filing*

The timeliness of a petition to open is measured from the date that notice of the entry of default was received; while there is not a specified time period, the court should consider the length of time between discovery of the entry of default, and reason for the delay. *Myers v. Wells Fargo Bank, N.A.*, 2009 PA Super 241, 986 A.2d 171, 176 (2009). Appellants do not aver when they discovered the default judgment. Judgment was entered December 17, 2013 and the first Petition to Open was filed August 26, 2014. Thus, a time period of two hundred fifty-two (252) days passed between the entry of Judgment and the first Petition to open. Appellant then filed a counseled petition on December 30, 2014, three hundred seventy-eight (378) days after the entry of the default judgment.

Again, as Appellants have not averred when they discovered the entry of judgment, this Court cannot say with certainty whether the filing was prompt. However, from the docket alone, it appears

6

that the petition was not promptly filed and without further explanation, Appellant thus fails the first prong.

    b.  *Reasonable Excuse*

Appellants claim that they did not receive service of the Complaint nor did they have notice of the Court date. However, the record reflects that Appellants were served by posting of the Property of which they had possession on November 21, 2013, almost a month prior to the court date. The Complaint itself had notice of said Court date and, as noted above, the leased premises were posted by a process server in accordance with the Philadelphia Municipal Court rules. Consequently, Appellants have not plead a reasonable excuse.

    c.  *Meritorious Defense*

The requirement of a meritorious defense is only that a defense must be pleaded that if proved at trial would justify relief. *Smith v. Morrell Beer Distributors, Inc.*, 2011 PA Super 183, 29 A.3d 23, 26 (2011). A defendant must set forth such a defense in "precise, specific, and clear terms." *Id.* In their counseled petition before the Municipal Court, Appellants aver simply that they are not liable in any respect, that they are not in breach of the lease agreement but that Appellee is in breach of the lease agreement, and that Appellants were not the cause of the claimed damage. However, in their petition, Appellants made no argument or averment as to why Appellee was in breach of the lease agreement.

Thus, Appellants are not entitled to open the default judgment as they have not met the requirements of the tripartite test.

## III.   DEFECTS IN JUDGMENT

Appellants also aver that this Court erred in denying the motion when the "underlying judgment was entered upon a hearing with no evidence presented." It is disingenuous of Appellants to argue that no evidence was presented at the hearing considering that Appellants defaulted. As noted above at length, when deciding a denial of a Petition to Strike and/or Open Judgment based upon a decision of

7

the Philadelphia Municipal Court this Court's examination is limited to the record. From the record alone, judgment was properly entered.

## IV. HEARING

Finally, Appellants aver that this Court erred in refusing a requested evidentiary hearing. However, Appellants did not request an evidentiary hearing anywhere within their Petition. Though a petitioner may seek the issuance of a Rule to Show Cause with such a petition, pursuant to Pa.R.C.P. 206.5(b), Appellants did not attach a proposed order in the form prescribed by subdivision (d). Consequently, this Court did not err in ruling upon Appellants' Petition without holding an evidentiary hearing.

## CONCLUSION

For all of the reasons stated above, this Court's decision should be affirmed and Appellants' appeal dismissed.

BY THE COURT:

DATE: June 25, 2015

_____

NINA WRIGHT PADILLA, J.

8