637 A.2d 630

. Donald HELMS

v.

Gregory M. BOYLE, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 22, 1993.

Filed Feb. 15, 1994.

Matthew D. Dupee, Blue Bell, for appellant.

Lee E. Sapira, Wyomissing, for appellee.

Before McEWEN, DEL SOLE and HOFFMAN, JJ.

HOFFMAN, Judge:

■ This is an appeal from an order entered January 28, 1993, denying appellant Gregory Boyle's, petition to strike a default judgment entered by the prothonotary for appellant's failure to comply with a discovery order.[1] Appellant presents the following issue for our review:

1. Does the Prothonotary have authority to impose the sanction of Default Judgment against a Defendant for an alleged failure to comply with a Discovery Order without hearing by the Court?

1. Appellee asserts that appellant's failure to comply with several rules of appellate procedure authorize dismissal of this appeal. However, there is no evidence that appellee has been prejudiced by appellant's failure to timely file or serve a designation or a reproduced record and a certified record is available for review. Additionally, we are unable to proceed upon appellee's mere allegations, in light of appellant's certification of service, our receipt of appellee's brief and appellee's failure to raise the issue in his subsequently filed brief. Therefore, we will address the merits of this appeal. *Downey v. Downey,* 399 Pa.Super. 437, 582 A.2d 674 (1990), *allocatur denied.*

Appellant's Brief at 2. For the following reasons we reverse and remand.

On December 13, 1990, appellee, Donald Helms, instituted action against appellant, Gregory Boyle, for breach of a partnership sales agreement entered into on September 26, 1989. Following the filing of pleadings, appellee propounded a request for production of documents pursuant of Pa.R.C.P. 4009, on September 5, 1991. Having received no response, appellee sent a letter, dated November 1, 1991, reminding appellant's counsel of his obligation to comply with Pennsylvania Rules of Civil Procedure regarding discovery. On December 2, 1991, appellee's counsel had a telephone conversation with appellant's counsel, Matthew D. Dupree, Esq., who stated that appellant would produce the documents by December 9, 1991. Appellee unilaterally extended the deadline to December 16, 1991. No documents were received. *See* Trial Court Opinion, at 1–2.

On January 9, 1992, appellee filed a motion to compel production and impose sanctions. A rule was issued on January 10, 1992, directing appellant to show cause within thirty (30) days, why the relief, requested by appellee, should not be granted. Appellant failed to respond to the rule. On March 13, 1992, following appellee's petition to make the rule absolute, the trial court entered an order requiring appellant to produce the documents within fifteen (15) days. The order also stated that failure to comply would result in a default judgment upon praecipe and certification by appellee that the documents had not been produced. On March 31, 1992, appellee filed a certification of no response and praecipe for entry of default with the prothonotary. On the same date, the prothonotary entered judgment against appellant in the amount of $75,000.00 plus interest and costs. Notice of entry of judgment was issued.

On April 9, 1992, appellant filed a petition to open judgment. Appellant argued that he had been conducting settlement negotiations with an attorney whom he had believed to be appellee's counsel. Appellant further stated that they had agreed not to enforce the March 13, 1992 order. On August 4,

1992, the court denied appellant's petition to open judgment. A writ of execution was entered August 13, 1992.

Appellant filed a motion to strike on August 18, 1992, arguing that the prothonotary lacked authority to enter the default judgment. The court entered a rule to show cause why the judgment should not be stricken on August 21, 1992 and all proceedings were stayed pending the decision on the motion to strike. On November 27, 1992, in response to appellee's petition, the trial court ordered appellant to take depositions or order cause for argument. On January 28, 1993, the trial court denied appellant's motion to strike. This timely appeal followed.

■ Appellant contends that the trial court erred in denying the motion to strike default judgment entered by the prothonotary. Essentially, appellant argues that the prothonotary does not have the authority to enter a default judgment under Pa.R.C.P. 4019, upon praecipe of a party, where the court has not made a final determination of default.[2]

■ This court addressed the issue now before us, in *Newsome v. Braswell,* 267 Pa.Super. 83, 406 A.2d 347 (1979). In *Newsome,* appellee filed a motion to compel production of documents, following appellant's failure to comply with discovery requests. The trial court granted appellee's motions and ordered appellant to comply within thirty (30) days. The order further stated that failure to comply would result in default judgment upon praecipe of appellee. Appellee, as in the instant case, obtained default judgment by filing a praecipe with the prothonotary. This court struck the default judgment, holding:

the fact that the court, by its . . . order, itself authorized a default upon appellee's praecipe, does not validate the judgment. The court was without power to expand the protho-

2. Absent fraud or extraordinary cause, a petition to open, vacate or for reconsideration must be brought within thirty (30) days of the entry of judgment in a contested proceeding, however, a motion to strike a judgment as void, may be brought at any time. *See Simpson v. Allstate Ins. Co.,* 350 Pa.Super. 239, 504 A.2d 335 (1986); *Graham v. Kutler,* 275 Pa.Super. 188, 418 A.2d 676 (1980).

notary's ministerial duties beyond that granted by statute or rule.

*Id.,* 267 Pa.Super. at 88, 406 A.2d at 350.[3]   The result in *Newsome* commands that the default judgment be stricken.

Further, this court reiterated in *Gotwalt v. Dellinger,* 395 Pa.Super. 439, 577 A.2d 623 (1990), that where the prothonotary takes an action beyond his authority, such as the entry of judgment where he is not empowered to do so, his action is considered void and the judgment entered is a nullity and lacks legal effect.   Thus because the prothonotary was not authorized to enter a judgment of default without a determination of default by the trial court, the judgment is void and without effect.   Accordingly, the default judgment must be stricken.

Order vacated and case remanded for proceedings consistent with this opinion.   Jurisdiction relinquished.

---

**3.**  Appellee contends that Pa.R.C.P. 227.4, effective January 1, 1984, following the *Newsome* decision, invalidates the holding in *Newsome.* However, a plain reading of Pa.R.C.P. 227.4 and its explanatory comment indicates that the rule permits entry of judgment by the prothonotary upon praecipe of a party only where the fact-finder or the trial court has rendered a final determination, not a prospective order.