Salvatore WILLIAMS, an Individual

v.

**John WADE and Edna Wade, Husband and Wife, Appellants.**

Superior Court of Pennsylvania.

Argued Oct. 8, 1997.

Filed Nov. 21, 1997.

Reargument Denied Jan. 29, 1998.

Lee D. Moses, Pittsburgh, for appellants.

Glenn R. Bartifay, Pittsburgh, for appellee.

Before TAMILIA, POPOVICH and HESTER, JJ.

TAMILIA, Judge:

This is an appeal from the denial of a petition to strike a judgment in mortgage foreclosure entered pursuant to Rule 237.1 of the Pennsylvania Rules of Civil Procedure due to appellants' default for failure to plead.[1]

The record reveals notice of intention to enter default judgment was mailed to appellants on May 6, 1996 and the prothonotary entered the judgment on May 16, 1996. Appellee's praecipe for writ of execution was filed in the Court of Common Pleas minutes before appellants filed for Chapter 13 bankruptcy on May 20, 1996. Six months later, Bankruptcy Judge Judith K. Fitzgerald entered an Order granting appellee's motion for relief from stay for the limited purpose of allowing him to defend any action brought by appellants to open or strike the judgment of the Court of Common Pleas and ordering that relief from stay would be granted in full unless appellants filed their petition on or before December 16, 1996. Accordingly, appellants filed a petition to strike on December 5, 1996. The trial court denied the petition, concluding that it was untimely and appellants' bankruptcy proceeding was not an acceptable excuse for the delay. As such, the petition was denied "without reaching the question of whether a judgment taken on May 16 was premature where the notice of intent to do so was mailed out on May 6." (Slip Op., Friedman, J., 5/12/97, p. 3.)

Appellants present two questions on appeal. "1. Is a default judgment void when it was filed prior to the expiration of the notice 10–day period required under Pa.R.Civ.P. 237.1? 2. Under the unique facts of this case,

---

1. **RULE 237.1 NOTICE OF PRAECIPE FOR ENTRY OF JUDGMENT OF NON PROS FOR FAILURE TO FILE COMPLAINT OR BY DEFAULT FOR FAILURE TO PLEAD**
(a)(1) As used in this rule,

. . . . .

"judgment by default" means a judgment entered by praecipe pursuant to Rules 1037(b), 1511(a), 3031(a) and 3146(a).
(2) No judgment of non pros for failure to file a complaint or by default for failure to plead shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered

. . . . .

(ii) in the case of a judgment by default, after the failure to plead to a complaint and at least ten days prior to the date of the filing of the praecipe to the party whom judgment is to be entered and to his attorney of record, if any.
(3) A copy of the notice shall be attached to the praecipe.
(4) The notice and certification required by this rule may not be waived.

was the Petition to Strike Judgment timely filed?" (Appellants' Brief, p. 3.)

■ As to the latter issue of delay, the basis upon which the trial court denied the petition to strike, appellants argue their bankruptcy proceeding was the cause of the delay in petitioning the Court of Common Pleas to strike the default judgment. Presumably, this delay was alleged because the trial court inquired of it, mistakenly believing the assertion of an acceptable excuse for a delay in filing a petition to strike was necessary. Alternatively, appellants may have alleged the delay in an attempt to argue the petition was filed within a reasonable time, given the interruption created by the bankruptcy proceeding. Regardless, appellants were not prohibited from petitioning to strike the judgment prior to the commencement of their bankruptcy proceedings or, once bankruptcy was filed, requesting leave in order to promptly petition the common pleas court to strike the default judgment. As such, the trial court's error of law and appellants' argument in this regard are of no moment.

Appellants also argue the default judgment is void because it was taken before the expiration of the tenth day of notice required by Pa.R.C.P. 237.1. Because the judgment is void, they argue, it may be stricken regardless of the passage of time between the entry of the judgment and the filing of the petition to strike, citing *Centennial Bank v. Germantown–Stevens Academy*, 277 Pa.Super. 134, 419 A.2d 698 (1980).

■ We find appellants are correct in their assertion that void judgments should be stricken regardless of the passage of time, *Helms v. Boyle*, 431 Pa.Super. 606, 637 A.2d 630 (1994), and, in the instant case, the trial court in fact did consider the timeliness of the petition, "relying primarily" upon *DiNardo v. Central Penn Air Services Inc.*, 358 Pa.Super. 75, 516 A.2d 1187 (1986) (Slip Op. at 2). The trial court's reliance, however, is

misplaced because appellants' petition sought to *strike* the judgment, not open it. *DiNardo* set forth a three-part test which must be met when considering petitions to open, but did not refer to petitions to strike. This Court explained in *U.K. LaSalle, Inc. v. Lawless*, 421 Pa.Super. 496, 618 A.2d 447 (1992):

> A petition to strike a default judgment and a petition to open a default judgment are two distinct remedies, which are generally not interchangeable. *Pennwest [PennWest] Farm Credit, ACA v. Hare*, 410 Pa.Super. 422, 430, 600 A.2d 213, 217 (1991). A petition to strike a judgment operates as a demurrer to the record. *Id.* As such, it is not a matter calling for the exercise of discretion. A petition to strike a judgment may be granted only where a fatal defect in the judgment appears on the face of the record.

*Id.* at 499, 618 A.2d at 449.

■ Furthermore, in addressing the question of the timeliness of the petition, and finding the answer dispositive, without considering appellants' argument that the judgment was void, the trial court erred. The trial court should have first reached a conclusion as to the nature of the judgment, i.e. whether it was void, voidable or valid, in order to establish whether the timeliness of the petition to strike was a relevant consideration for its ruling. If the judgment was found to be void, as argued by appellants, timeliness would not be a factor and the petition to strike would be granted. *Helms, supra.* If the judgment was found to be voidable, timeliness would be a factor and the petition would be granted only if it was filed within a reasonable time.[2] Finally, if the judgment was found to be valid and fully effective, the petition to strike would be denied and timeliness would not be a factor as a petition to strike a valid judgment will be

---

2. The general rule is that if a judgment is sought to be stricken off for an irregularity, not jurisdictional in nature, which merely renders the judgment voidable, the application to strike off must be made within a reasonable time, or the irregularity will be held to be waived.
7 Standard Pennsylvania Practice Ch. 30, § 196 (1961). Accord *Samango v. Hobbs*, 167

Pa.Super. 399, 75 A.2d 17 (1950), quoting *Eastman Kodak Co. v. Osenider*, 127 Pa.Super. 332, 193 A. 284 (1937).
*King Athletic Goods Co. v. Redevelopment Authority of Philadelphia*, 481 Pa. 504, 508–10, 393 A.2d 18, 20 (1978).

denied even if filed immediately after the entry of that judgment.

■ Upon our thorough review of the judgment and the procedure by which it was entered, we conclude that it is a valid and effective judgment. Appellee's praecipe to enter default judgment was filed appropriately on May 16, 1996 and did not cause the judgment to be entered prematurely in violation of Rule 237.1. Subsection (a)(2)(ii) of that rule requires the party seeking to have default judgment entered to include in their praecipe a certification indicating that notice of their intention to file that praecipe was mailed to the defaulting party at least ten days prior to the filing date of their praecipe. As the explanatory comment to Rule 237.1 states that "the ten-day period runs from the date of mailing", the sixth of May was the first day of the ten-day period. Accordingly, the May 16th praecipe established the existence of ten days of notice prior to its filing, that is May 6 through May 15.

■ Moreover, when the ten-day computation is made in accordance with Rule 106 of the Pennsylvania Rules of Civil Procedure, while following the unambiguous language of Rule 237.1, it is clear that the default judgment was entered properly. That is, Rule 237.1 specifically refers to "ten days prior to the date of the filing of the praecipe". Rule 106 states, "[w]hen any period of time is referred to in any rule, such period in all cases, shall be so computed as to exclude the first and include the last day of such period." Pa.R.C.P. 106(a). Therefore, because we are looking "prior" to the filing date of the praecipe for a ten-day period, we must count from the filing date of the praecipe, the 16th, to the mailing date of the notice, the 6th; excluding the 16th from the computation and including the 6th. In this manner, the general method of time computation of Rule 106,

as well as the Rules of Statutory Construction, 1 Pa.C.S. § 1908, *Computation of Time*, is employed while complying with the specific dictates of Rule 237.1. Because the default judgment was valid and effective, it was proper for the trial court to deny the petition to strike.[3] Although we find the trial court denied the petition for an incorrect reason, this Court may affirm a decision of the trial court when it is correct on any legal ground without regard to the ground upon which the trial court relied. *Schimp v. Allaman,* 442 Pa.Super. 365, 659 A.2d 1032 (1995).

Order affirmed.

POPOVICH, J., concurs in the result.

---

3. While we agree with appellant that *if* this judgment was prematurely entered it would be *"defective"*, Acre v. Navy Brand Manufacturing Co., 391 Pa.Super. 476, 481–83, 571 A.2d 466, 469 (1990), we cannot agree that a defective judgment is void.

By labelling a judgment "defective" or "irregular" or "invalid" one does not dispose of the ultimate issue of whether the defect, irregularity or invalidity renders the judgment void or voidable, but rather merely begs the question.

*Keiper v. Keiper,* 343 Pa.Super. 256, 259–61, 494 A.2d 454, 456 (1985). In *Keiper,* this Court held a premature entry of confession of judgment is merely voidable. In the instant case, the judgment was not prematurely entered so we need not address the distinctions of void versus voidable judgments with respect to default judgments entered pursuant to Rule 237.1.