Arrow Fin. Servs., LLC v. Hambrick

*David J. Apothaker*, for plaintiff.
*Susan M. Papa*, for defendant.

MOTTO, *P.J.*, April 13, 2011—Before the court for disposition is defendant Duane Hambrick's petition to open and/or strike default Judgment. The current action arises from the entry of a default judgment against defendant on or around June 1, 2010 in favor of plaintiff Arrow Financial services ("AFS"). For the reasons that follow, defendant's petition is denied.

Defendant Hambrick was served with the complaint filed against him by plaintiff AFS on April 13, 2010. No appearance was entered by defendant or any attorney on his behalf. On May 6, 2010, plaintiff notified defendant of the default. Again, defendant failed to respond, and on June 1, 2010, the prothonotary entered a default judgment against defendant in the amount of $5,116.02 plus costs. On November 29, 2010, defendant's attorney filed the currently contested petition and oral arguments was held on March 28, 2011.

A petition to open a default judgment is a matter of

judicial discretion and is addressed to the equitable powers of the court. A court may only exercise this discretion when (1) the petition has been promptly filed; (2) a meritorious defense can be shown; and (3) the failure to appear can be reasonably explained or excused. *Balk v. Ford Motor Company*, 446 Pa. 137, 140, 285 A.2d 128,131 (Pa. 1971); *Fox v. Mellon*, 438 Pa. 364, 367, 264 A.2d 623, 625 (Pa. 1970). For this court to exercise its discretion and open the default judgment against him, Defendant Hambrick must satisfy each prong of the test.

When a petition to open default judgment is filed within 10 days of entry of the judgment on the docket, the delay is excusable as a matter of law and no explanation for the delay is required. Pa.R.C.P. § 237.3. When the delay is greater then 10 days, the delay is no longer excusable by law and the court must determine promptness. In determining promptness, the court focuses on two things: 1) the length of the delay between discovery of the default judgment entry and filing the petition to open; and 2) the reason for the delay. *Dumoff v. Spencer*, 754 A.2d 1280, 1282 (Pa. Super. 2000); *Allegheny Hydro No. 1 v. American Line Builders, Inc.*, 722 A.2d 189, 193 (Pa. Super. 1998).

Courts addressing the issue of promptness have held that failure to timely file a petition to open may be grounds for its denial. See *B.C.Y., Inc. Equipment Leasing Assocs. v. Bukovich*, 390 A.2d 276, 278 (1978) (21-day delay is not prompt); *Allegheny Hydro 1*, 722 A.2d at 194 (41-day delay is not prompt); *Dumoff*, 754 A.2d at 1283 (four-month delay not prompt); *Alba v. Urology Assocs. of Kingston*, 598 A.2d 57, 58 (Pa. Super. 1991) (14-day delay

is timely); *Fink v. General Accident Ins. Co.*, 594 A.2d 345, 346 (Pa. Super. 1991) (five-day delay is timely).

Default judgment was entered against defendant on June 1, 2010. Defendant's petition to open was filed November 29, 2010, almost a full six months after the entry of the judgment on the docket. In the petition to open, defendant has only alleged a meritorious defense; no averments explaining the lengthy filing delay are contained therein. Because defendant has failed to proffer an explanation for the six-month delay in filing the petition to open, the court, in accordance with established precedent, must deny defendant's request to open the default judgment.

The court next turns to defendant's petition to strike. In ruling on a petition to strike a default judgment, the trial court must first determine whether the default judgment was void, voidable, or valid. *Williams v. Wade*, 704 A.2d 132, 134 (Pa. Super. 1998). If the court determines that the default judgment is void, the timeliness of the petition is not a factor and the judgment will be stricken. *Id.* If the court determines the judgment is voidable, timeliness is a factor and the petition will only be granted if the petition was filed within a reasonable time. *Id.* If the judgment is found to be valid, the petition to strike is denied and timeliness of the petition is not a factor. *Id.*

The first question the court must decide is whether the default judgment is valid; if so, the court will not need to address the question of timeliness. Defendant supports his petition with the case of *Wells Fargo Bank v. Lupori*, 8 A.3d 919 (Pa. Super. 2010), wherein the Superior Court

reviewed a trial court's denial of a petition to strike default judgment according to the following standard:

> With regard to a motion to strike a default judgment, a court may only look at the facts of record at the time judgment was entered to decide if the record supports the judgment. A petition to strike does not involve the discretion of the court. A petition to strike a judgment will not be granted unless a fatal defect in the judgment appears on the face of the record. Matters outside of the record will not be considered, and if the record is self-sustaining, the judgment will not be stricken. *Lupori*, 8 A.3d at 920 quoting *Aquilino v. Philadelphia Catholic Archdiocese*, 884 A.2d 1269, 1280 (Pa. Super. 2005).

A petition to strike is therefore a demurrer to the record. If a fatal defect or irregularity is apparent from the face of the record, the prothonotary will be held to have lacked the authority to enter a default judgment and the default judgment will be considered void. *Wells Fargo v. Lupori* at 921 (quoting *U.S. Bank, N.A. v. Mallory*, 982 A.2d 986, 991 (Pa. Super. 2009).

In *Wells Fargo v. Lupori*, the Superior Court reviewed Wells Fargo's complaint and found that a fatal defect was apparent on the face of the record. *Id.* at 922. Wells Fargo had instituted a foreclosure action again Luporis, but had failed to allege any assignment of the mortgage to Wells Fargo or that Wells Fargo was the owner of the mortgage, nor was any documentary evidence of any assignment to Wells Fargo attached to the complaint. *Id.* As a result of this failure, the complaint did not comply with rule 1147(a)

(1) requiring a mortgage foreclosure complaint to contain the necessary allegations showing that the plaintiff is the owner of the mortgage, particularly requiring that any assignment to plaintiff be alleged. Therefore, the record did not support entry of the default judgment because it could not be determined from the complaint how Wells Fargo had standing to foreclose. *Id.* Because the default judgment was void, the timeliness of the petition filed by the Luporis was irrelevant to the decision of the Superior Court and the default judgment was stricken. *Id.*

In the matter currently before the court, defendant Hambrick contends that the original complaint filed by plaintiff does not support a default judgment. Defendant argues that plaintiff's failure to comport with the rules of pleading found at Pa.R.c.P. § 1019 by attaching a copy of any asignment is a fatal defect apparent on the face of the record and merits the striking of the default judgment.

Having examined the record at the time default judgment was entered against defendant, this court has determined that the entry of default judgment was valid. Like the plaintiff in *Wells Fargo v. Lupori*, plaintiff AFS has failed to attach to its complaint any documentary evidence of the assignment of defendant Hambrick's account. Unlike the plaintiff in *Wells Fargo v. Lupori*, however, plaintiff AFS has alleged in the complaint that it is the assignee and successor in interest to the account issued by HSBC Bank Neveda N.A. to defendant Hambrick. The presence of such an allegation on the record is sufficient support for the entry of default judgment because plaintiff has sufficiently alleged its ownership of the account for which

it seeks recovery.

Defendant Hambrick is correct in his assertion that the complaint did not comply with the requirements of Pa.R.C.P. § 1019(h) and (i). While it is true that the failure to attach documentary evidence would have given defendant meritorious preliminary objections to the complaint, the failure to attach the documents is not a fatal defect in and of itself. Plaintiff AFS alleged the existence of the assignment as a factual matter; thus, the complaint supports the entry of the judgment unlike the circumstances in *Wells Fargo*. The case sub judice is similar to *U.S. Bank, N.A. v. Mallory*, Supra, which *Wells Fargo* distinguished, where the complaint alleged the existence of a pending assignment, without attaching any written documentation thereof. The *Mallory* court determined that the allegation of the assignment was sufficient to put defendant on notice that the bank was the legal owner of the mortgage. The question is whether from a reading of the complaint, whether plaintiff has alleged a factual basis for it to institute suit and obtain a recovery. The court concludes that the entry of the default judgment against defendant Hambrick was valid, and therefore defendant's motion to strike the default judgment must be denied.

## ORDER OF COURT

And now, April 13, 2011, for the reasons set forth in the accompanying opinion of even date herewith, it is ordered and decreed that the defendant's petition to open and/or strike default judgment is hereby denied.