J-A17017-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CLINTON BROWN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| OSAMA ISSA | : | No. 2877 EDA 2016 |

Appeal from the Order Entered August 22, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): July Term, 2015, No. 01110

BEFORE:   GANTMAN, P.J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY RANSOM, J.:              **FILED SEPTEMBER 08, 2017**

Appellant, Clinton Brown, appeals from the order entered August 22, 2016, granting summary judgment in favor of Appellee, Osama Issa, and dismissing Appellant's complaint with prejudice.  We affirm.

The relevant facts are as follows:

For the purposes of the Motion for Summary Judgement, it is not in dispute that [Appellant] was, on April 11, 2014, living in a commercial property where a business called Seafood Express was being operated.  [Appellant] is an employee/investor of this business.  [Appellant] alleges that he fell in a liquid puddle on the floor.

Prior to [Appellant's] fall, he had been injured in 2009 in a work-related injury while working on an off-shore oil rig in Louisiana. In that accident, he suffered injuries to his shoulder and back. Additionally, approximately one week before the incident that forms the basis for this lawsuit, [Appellant] was involved in a

_____

[*] Retired Senior Judge assigned to the Superior Court.

motor vehicle accident, and was treating for injuries related to that accident at the time of his fall.

Trial Court Opinion, 2/13/17, at 2.

In June 2016, Appellee filed a motion for summary judgment, asserting that Appellant did not sustain any injuries as a result of the fall. In his response, Appellant denied this assertion but failed to supplement the record with evidence to establish that an injury occurred. Accordingly, the trial court granted Appellee's motion for summary judgment. Appellant timely appealed and filed a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued a responsive opinion.

On appeal, Appellant raises a single question for our review:

Whether there is sufficient evidence of injury to submit this matter to a jury?

Appellant's Brief at 4.

Our scope and standard of review of an order granting summary judgment are well-settled.

[We] may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.

In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. *See* Pa.R.C.P., Rule 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the nonmoving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary

- 2 -

judgment. Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*E.R. Linde Const. Corp. v. Goodwin*, 68 A.3d 346, 349 (Pa. Super. 2013)(citation omitted).

Appellant contends that the trial court erred in determining that he failed to establish an injury. However, Appellant fails to develop this argument in any meaningful way. "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *Umbelina v. Adams*, 34 A.3d 151, 161 (Pa. Super. 2011) (quoting *In re W.H.*, 25 A.3d 330, 339 (PA. Super. 2011)). Here, Appellant's argument consists of approximately two pages in which the only citation to legal authority is Appellant's quotation of Pennsylvania Rule of Civil Procedure 1035.2. He cites no case law. Appellant neither applies relevant, legal authority to the facts of the case nor presents any basis upon which this Court could conclude that the grant of summary judgment was inappropriate. Accordingly, his claim is waived. *Id.; see also Pa.R.A.P. 2119.*

Absent waiver, we note further that Appellant failed to respond appropriately to the motion for summary judgment. Rule 1035.3 provides in relevant part:

(a) Except as provided in subdivision (e), the adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion [for summary judgment] identifying

> (1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or

> (2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.

(b) An adverse party may supplement the record or set forth the reasons why the party cannot present evidence essential to justify opposition to the motion and any action proposed to be taken by the party to present such evidence.

Pa.R.C.P. 1035.3 (explanatory note omitted). While an adverse party may supplement the record, it is well settled that litigants' briefs are not part of the official record. Accordingly, "supplementation cannot be achieved through mere attachment to a party's brief in opposition." *Scopel v. Donegal Mut. Ins. Co.*, 698 A.2d 602, 606 (Pa. Super. 1997) (citing cases).

Here, Appellant's response consists of admissions and denials to the pleadings set forth in Appellee's motion for summary judgment. Appellant's Answer, 06/27/2016. However, Appellant cites to no evidence of record, nor does he supplement the record with evidence that would establish an issue of fact regarding his injuries. *Id.* To the extent that Appellant sought to do so by attaching a purported expert report to the brief filed in opposition to Appellee's motion for summary judgment, this was insufficient. *Scopel*, 698

A.2d at 606. Accordingly, on this basis, the trial court did not err in granting summary judgment. *See Lechowicz v. Moser*, --- A.3d ---, *3 (Pa. Super. 2017) ("[T]his Court may affirm a decision on any proper legal ground."), (citing *Williams v. Wade*, 704 A.2d 132, 135 (Pa. Super. 1997).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/8/2017