J-A15017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| BENJAMIN KOWALCZYK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FREDERICK L. BOLLEN | : | |
| | : | |
| Appellant | : | No. 1 MDA 2018 |

Appeal from the Order Entered November 29, 2017
In the Court of Common Pleas of Cumberland County Civil Division at
No(s): 2014-06580

BEFORE: PANELLA, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MURRAY, J.: **FILED JULY 30, 2018**

Frederick L. Bollen (Appellant) appeals from the order denying his petition to open or strike the default judgment entered in favor of Benjamin Kowalczyk (Kowalczyk). We affirm.

In April of 2012, Kowalczyk purchased a residential property at 217 Eutaw Avenue in New Cumberland, Pennsylvania, for $60,000, with the intent to renovate and reside in it. The property was one half of a duplex, sharing a wall with the property at 215 Eutaw Avenue. Appellant and his wife resided at 215 Eutaw Avenue, which was owned by Appellant's mother.[1]

In July of 2014, Kowalczyk sued Appellant in Magisterial District Court,

---

[1] According to Kowalczyk, Appellant and his wife moved out in late 2012 or early 2013, and around March 31, 2014, Appellant became the owner following the death of his mother. Kowalczyk's Complaint, 3/24/16, at 5.

averring that beginning in the fall of 2012, his use and enjoyment of his property was precluded by the foul stench and poor condition of Appellant's home. Specifically, Kowalczyk averred that Appellant had a dozen or more cats but neglected to provide them proper care or adequately clean their urine and defecation, several cats died inside the home, but Appellant's wife failed to cure the deteriorated condition of the home. Kowalczyk further averred that when Appellant and his wife moved out sometime in late 2012 or early 2013, they left the cats unattended and neglected inside the property. On November 12, 2014, the Magisterial District Judge awarded judgment in favor of Kowalczyk in the amount of $11,208.50. Appellant appealed to the Court of Common Pleas (trial court), but then on April 30, 2015, filed a Chapter 13 bankruptcy petition, which stayed the case.

The bankruptcy court dismissed Appellant's bankruptcy petition on March 23, 2016, and the following day, Kowalczyk filed a complaint in the trial court. Kowalczyk averred the same allegations and raised one claim each of nuisance and intentional infliction of emotional distress.[2] Appellant did not file

---

[2] In support of his claim of intentional infliction of emotional distress, Kowalczyk claimed that Appellant told him that he "would never see any money of the [Magisterial District Court] judgment because [Appellant] intended to file bankruptcy." Kowalczyk's Complaint at 8-9. Kowalczyk further averred that Appellant abused bankruptcy proceedings in order to thwart or eliminate his claim, and that Appellant deliberately failed to cure the continuing nuisance caused by the unattended cats.

any response. On April 26, 2016, Kowalczyk filed a praecipe to enter default judgment against Appellant, who was *pro se*, and serviced a "10-day notice" on Appellant, as required by Pa.R.Civ.P. 237.1[3]

Nine days thereafter, on May 5, 2016, Appellant filed a second Chapter 13 bankruptcy petition. Consequently, this matter was stayed until April 25, 2017, when, upon Appellant's voluntary motion to dismiss, the bankruptcy court dismissed the bankruptcy case.

On April 28, 2017, Kowalczyk filed a second praecipe to enter default judgment, in the amount of $71,208.50 — representing $60,000 for "[l]oss for purchase value of 217 Eutaw Avenue property" and $11,208.50 for "[i]mprovements to [the] property" and loss of use of the property. Kowalczyk's Praecipe to Enter Judgment by Default, 4/28/17. Kowalczyk also certified that two days earlier, on April 26th, he served notice on Appellant.

On May 1, 2017, the trial court's prothonotary mailed Appellant notice of entry of default judgment against him. On May 5th, Appellant filed a *pro se* "Answer & New Matter" — his first filing in this case, which we quote

_____

[3] **See** Pa.R.C.P. 237.1(a)(2)(ii) ("No judgment . . . by default for failure to plead shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered . . . after the failure to plead to a complaint and at least ten days prior to the date of the filing of the praecipe to the party against whom judgment is to be entered and to the party's attorney of record, if any."). We note that the certified record includes only Kowalczyk's certificate of service stating that he served notice on Appellant, but does not include the April 26, 2016 praecipe to enter judgment itself.

verbatim:[4]

## ANSWER AND NEW MATTER

And now, comes the Defendant, (**your name**), pro se, who answers Plaintiff's Complaint as follows:

1. Paragraph 1 is admitted.

2. Paragraph 2 is admitted.

3. Paragraph 3 is denied.  (Explain what the true facts are).

4. Paragraph 4 is denied (Explain what the true facts are).

5. Paragraph 5 is admitted in part and denied in part.  (Explain what part is admitted and what part is denied, and what the true facts are; or, if you do not know what the fact are, then use the following phrase: "After reasonable investigation, I am without knowledge or information sufficient to form a belief as to the truth of paragraph 5, which is therefore denied.")

(Admit, or deny and explain, the other paragraphs of the complaint in this same way.  If you have been advised by an attorney that the allegation is a conclusion of law, then use the phrase: "The allegation in paragraph is a conclusion of law to which no response is required.")

## NEW MATTER

6. (Here write out any other facts you feel the Court should know in your favor.  Number each paragraph.  Keep each paragraph short.  Here is where you write out in separately numbered paragraphs each affirmative defense you are claiming such as payment, statute of limitations, mistaken identity, prior bankruptcy filing and so forth.)

WHEREFORE, the defendant requests that judgment be entered against the plaintiff.

---

[4] It is apparent that the second and third page of Appellant's "Answer & New Matter" were transposed.  We have quoted the pages in the correct order.

Appellant's Answer & New Matter, 5/5/17, at 1-2.

Three months thereafter, on August 3, 2017, Appellant filed a third Chapter 13 bankruptcy petition. He was represented by Kara Katherine Gendron, Esquire.[5]

On September 25, 2017 — four and a half months after the entry of default judgment against him — Appellant filed a counseled petition to open and strike the default judgment. Appellant was represented by Ralph M. Salvia, Esquire. The petition argued that: (1) Appellant's *pro se* "Answer & New Matter" should be deemed a petition to open or strike the default judgment; and that (2) it was timely under both Pa.R.Civ.P. 237.3 (if the petition for relief is filed within 10 days of entry of a default judgment, the court shall open the judgment if the proposed preliminary objection has merit or the proposed answer states a meritorious defense) or the standards set forth in **Schultz v. Erie Ins. Exchange**, 477 A.2d 471 (Pa. 1984).[6] The petition further averred that Kowalczyk's complaint did not set forth an amount for damages in sum certain, and thus that damages should be assessed at trial. Finally, Appellant's counsel sought leave to file an answer to the complaint, attaching a copy of the proposed answer.

---

[5] As we discuss **infra**, the bankruptcy court has granted relief from the automatic stay so that the appeal before this Court may proceed.

[6] We review the standards discussed in **Schultz** in our summary of the relevant law, including **Myers v. Wells Fargo Bank, N.A.**, 986 A.2d 171, 175 (Pa. Super. 2008), **infra**.

The trial court heard oral argument on Appellant's petition to open or strike on November 20, 2017. At this time, Appellant was represented — and continues to be represented — by Bruce J. Warshawsky, Esquire. The trial court denied Appellant's petition on November 29th. Appellant timely appealed and complied with the court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

On June 11, 2018, this panel issued rule to show cause why this appeal should not be stayed due to Appellant's third bankruptcy filing. In response, Appellant sought relief from the automatic stay in the bankruptcy court, which was granted on June 13th. Appellant provided this Court a copy of the bankruptcy court's order, permitting the present appeal to proceed provided that the stay remains in effect with respect to enforcement of any judgment against Appellant. Accordingly, we discharged our rule to show cause, and proceed to the merits of Appellant's claims.

Appellant presents two issues for our review:

[1.] Did the Trial Court abuse its discretion by failing to exercise its equitable powers to open the Default Judgment when [Appellant] substantially conformed with the applicable rules and the rights of [Kowalczyk], would not have been substantially affected?

[2.] Did the Trial Court commit an error of law by failing to find that the Prothonotary lacked the authority to assess damages pursuant to Pa.R.[Civ.]P. 1037(b), as the damages were neither a sum certain nor an accurate reflection of the cost of repairs, which constituted a fatal defect of record, requiring that the Default Judgment be stricken?

Appellant's Brief at 2-3.

Appellant first contends that the trial court abused its discretion in declining to exercise equitable powers to open the default judgment. He maintains that the filing of his *pro se* "Answer & New Matter" substantially conformed with Rule 237.3's 10-day filing period for a petition for relief from default judgment. In any event, Appellant further argues, he "promptly obtained counsel . . . upon realizing in August 2017 (presumably with the assistance of Bankruptcy counsel[ ]) that his *pro se* filing was inadequate," and that the trial court erred in failing to consider his counseled petition to open or strike. *Id.* at 6-7. He requests this Court apply Pa.R.Civ.P. 126 (rules of civil procedure shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding), maintains that Kowalczyk will not be prejudiced if the default judgment is opened, and concludes that "[t]he combination of" his two filings met the requisite elements for opening a default judgment. Appellant's Brief at 8-9.

As the trial court pointed out:

A petition to strike a default judgment and a petition to open a default judgment are two distinct remedies, which are generally not interchangeable. A petition to strike a judgment operates as a demurrer to the record. As such, it is not a matter calling for the exercise of discretion. A petition to strike a judgment may be granted only where a fatal defect in the judgment appears on the face of the record.

*See Williams v. Wade*, 704 A.2d 132, 134 (Pa. 1997) (citation omitted); Trial Court Opinion, 2/16/18, at 2. This Court has explained:

It is well settled that a petition to open a default judgment is an appeal to the equitable powers of the court, and absent an

error of law or a clear, manifest abuse of discretion, it will not be disturbed on appeal. An abuse of discretion occurs when a trial court, in reaching its conclusions, overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will.

*Myers*, 986 A.2d at 175 (citation omitted).

To the extent that Appellant now argues that **all** petitions to open or strike a default judgment must be filed within 10 days of the entry of judgment, he is mistaken.[7] This Court has explained:

"In general, a default judgment may be opened when three elements are established: the moving party must (1) promptly file a petition to open the default judgment, (2) show a meritorious defense, and (3) provide a reasonable excuse or explanation for its failure to file a responsive pleading." However, [Pa.R.Civ.P. 237.3] ease[s] the burden of parties who move promptly for relief from judgment entered by default or *non pros*. Specifically, Rule 237.3 provides that:

\* \* \*

(b) If the petition is filed within ten days after the entry of the judgment on the docket, the court shall open the judgment if the proposed complaint or answer states a meritorious cause of action or defense.

*Penn-Delco Sch. Dist. v. Bell Atlantic-Pa, Inc.*, 745 A.2d 14, 17 (Pa. Super. 1999) (citation omitted).

Here, the trial court mailed noticed of the entry of default judgment to Appellant on May 1, 2017. Appellant filed a *pro se* "Answer & New Matter"

---

[7] It appears that Appellant has abandoned the alternative argument set forth in his counseled petition to open or strike — that he should be deemed to have filed a timely petition under *Schultz*, 477 A.2d 471.

within 10 days, on May 5th. In its opinion, the trial court acknowledged Rule 126's directive to liberally construe the rules of civil procedure, but ultimately found that Appellant's *pro se* filing was "woefully inadequate," where it was "clearly a template for *pro se* litigants and [Appellant] didn't even bother to fill in the blanks, so to speak," and thus it wholly failed to state a meritorious cause of action or defense. **See** Pa.R.Civ.P. 237.3(b)(2); Trial Court Opinion, 2/16/18, at 3-4. Accordingly, Appellant was not eligible for the relaxed burden provided by Rule 237.3 to parties who move promptly for relief. **See Penn-Delco Sch. Dist.**, 745 A.2d at 17. Nevertheless, he was not automatically precluded from relief.

This Court has stated:

> Generally speaking, a default judgment may be opened if the moving party has (1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint. Moreover, we note the trial court cannot open a default judgment based on the "equities" of the case when the defendant has failed to establish all three of the required criteria.

> With regard to the first prong, whether the petition to open was timely filed, we note:

> > The timeliness of a petition to open a judgment is measured from the date that notice of the entry of the default judgment is received. The law does not establish a specific time period within which a petition to open a judgment must be filed to qualify as timeliness. Instead, the court must consider the length of time between discovery of the entry of the default judgment and the reason for delay.

*     *     *

- 9 -

In cases where the appellate courts have found a "prompt" and timely filing of the petition to open a default judgment, the period of delay has normally been less than one month. *See Duckson v. Wee Wheelers, Inc.*, . . . 620 A.2d 1206 (Pa. Super. 1993) (one day is timely); *Alba v. Urology Associates of Kingston*, . . . 598 A.2d 57 (Pa. Super. 1991) (fourteen days is timely); *Fink v. General Accident Ins. Co.*, 594 A.2d 345 (Pa. Super. 1991) (period of five days is timely).

\* \* \*

With regard to the second prong, "[w]hether an excuse is legitimate is not easily answered and depends upon the specific circumstances of the case. The appellate courts have usually addressed the question of legitimate excuse in the context of an excuse for failure to respond to the original complaint in a timely fashion."

\* \* \*

This Court has held that "where the failure to answer was due to an oversight, an unintentional omission to act, or a mistake of the rights and duties of the appellant, the default judgment may be opened."

*Myers*, 986 A.2d at 175-177 (some citations omitted). Finally, Rule 126

provides:

The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

Pa.R.Civ.P. 126.

Even if we considered, as Appellant urges, his September 25, 2017

counseled petition to open in conjunction with the *pro se* "Answer & New

Matter," we disagree that his response was promptly filed. As stated above,

- 10 -

petitions to open default judgments that have been deemed "promptly" filed have normally been filed within a month of the entry of default judgment, and the September 25, 2017 petition was filed almost four months after the May 1st notice of entry of default judgment. *See Myers*, 986 A.2d at 176. With respect to why Appellant did not respond earlier, the counseled petition merely stated that Appellant was *pro se* and that he "has since sought counsel to represent him." *See id.*; Appellant's Petition to Strike and/or Open Default Judgment, 9/25/ at 2. However, as the trial court noted, Appellant "enjoyed the assistance of counsel during his bankruptcy and even listed [Kowalczyk as] a creditor of the bankruptcy estate. This is no snap judgment." *See* Trial Court Opinion, 2/16/18, at 3. In light of all of the foregoing, Appellant's counseled petition to open was not promptly filed and failed to provide a reasonable excuse or explanation for failing to file a responsive pleading. *See Myers*, 986 A.2d at 176. Accordingly, we do not disturb the trial court's denial of Appellant's petition to open the default judgment.

In Appellant's second issue, he avers that the trial court erred in denying his petition to strike the default judgment, where the court should have found that the Prothonotary lacked authority to assess damages under Pa.R.Civ.P. 1037(b).[8] In support, Appellant contends that Kowalczyk's complaint did not

_____

[8] *See* Pa.R.Civ.P. 1037(b)(1) ("The prothonotary shall assess damages for the amount to which the plaintiff is entitled if it is a sum certain or which can be

- 11 -

seek any sum certain damages, and that damages cannot be determined by computation because the complaint lacks any monetary amounts.[9] Appellant reasons that although the trial court referred to a Magisterial District Court judgment against him for $11,208.50 and to ¶ 28 of the complaint, that paragraph of the complaint stated that in the Magisterial District Court, Kowalczyk sought $11,700.[10] In any event, Appellant claims, in the *de novo* appeal to the trial court, Kowalczyk could not substantiate his alleged damages simply by citing the amount of the Magisterial District Court's award. Furthermore, Appellant asserts that Kowalczyk's praecipe to enter a default judgment claimed $11,208.50 for improvements to his property and loss of use of the property, but the complaint did not include any monetary amounts for these alleged losses. Finally, Appellant claims that if Kowalczyk relied upon Rule 1037(b)(2), he was only entitled to the cost of repairs to the property,

---

made certain by computation, but if it is not, the damages shall be assessed at a trial at which the issues shall be limited to the amount of the damages.").

[9] Kowalczyk claims that Appellant did not raise this particular argument — that Kowalczyk failed to recite any dollar amount in the "prayer for relief" section of his complaint" — until his Rule 1925(b) statement, and thus this Court should find that claim waived. Kowalczyk's Brief at 29. We decline to find waiver, as the petition to open fairly raised a claim that Kowalczyk's complaint failed to set forth monetary amounts.

[10] Appellant does, however, concede that the Magisterial District Judge awarded $11,208.50 to Kowalczyk. Appellant's Brief at 11.

and not any other damages.[11]

As stated above, "[a] petition to strike a judgment may be granted only where a fatal defect in the judgment appears on the face of the record." **Williams**, 704 A.2d at 134. Rule 1037(b) provides:

The prothonotary, on praecipe of the plaintiff, shall enter judgment against the defendant for failure to file within the required time a pleading to a complaint which contains a notice to defend or, except as provided by subdivision (d), for any relief admitted to be due by the defendant's pleadings.

(1) The prothonotary shall assess damages for the amount to which the plaintiff is entitled if it is a sum certain or which can be made certain by computation, but if it is not, the damages shall be assessed at a trial at which the issues shall be limited to the amount of the damages.

(2) In all actions in which the only damages to be assessed are the cost of repairs made to property

(i) the prothonotary on praecipe of the plaintiff, waiving any other damages under the judgment, and the filing of the affidavits provided by subparagraphs (ii) and (iii) shall assess damages for the cost of the repairs;

(ii) the praecipe shall be accompanied by an affidavit of the person making the repairs . . . ;

(iii) the plaintiff shall send a copy of the affidavit and repair bill to the defendant . . . .

Pa.R.Civ.P. 1037(b)(2)(i)-(iii).

This Court has stated:

Once a litigant files a proper praecipe seeking the entry of a default judgment, the Rules direct the court to perform two

---

[11] **See** Pa.R.Civ.P. 1037(b)(2) (applying to actions "in which the only damages to be assessed are the cost of repairs made to property").

essential steps. Foremost, in actions at law . . . , the Rules direct the prothonotary to enter a default judgment on the docket. ***See*** Pa.R.C.[Civ.]P. 1037(b) . . . . By virtue of entering this default judgment on the docket, the Prothonotary precludes the opponent from challenging his or her liability.

Once the prothonotary has entered the default judgment, the next step involves the determination of the appropriate remedy for the opponent's default. In those actions at law where the amount of damages may be ascertained from the pleadings, an assessment of damages will accompany the prothonotary's entry of the default judgment. ***See*** Pa. R.C.P. 1037(b)(1). In those instances where the amount of legal damages is not certain or where the plaintiff has sought equitable relief, the trial court has the independent obligation to fashion the appropriate relief at a future date. ***See*** Pa. R.C.P. 1037(b)(1)[.]

***Mother's Rest., Inc. v. Krystkiewicz***, 861 A.2d 327, 334-335 (Pa. Super. 2004) (*en banc*) (some citations omitted).

Here, the trial court found that the damages sought by Kowalczyk were a sum certain:

The damages sought . . . were clearly and concretely stated in his Complaint. The two items of damages are: a Magisterial District Judge judgment against [Appellant] in the amount of $11,208.50, ([Kowalczyk's Complaint at] ¶ 28), and $60,000, representing the purchase price of the home, the value of which was negated by [Appellant's] actions (¶ 4). These sums certain represent the $71,208.50 judgment entered by the Prothonotary. This does not constitute a fatal defect on the record and there is no basis for striking the default judgment.

Trial Court Opinion, 2/16/18, at 4. We agree.

Kowalczyk's complaint sought "monetary loss of his investment in the purchase of 217 Eutaw Property," monetary loss for the materials he acquired to repair and improve the interior and exterior condition of the home, loss of use of the 217 Eutaw Property, and out-of-pocket loss for rent paid on the

apartment at which he lived. Kowalczyk's Complaint at 6-7, 10. The only monetary amounts listed in the complaint, however, were: (1) the $60,000 purchase price for 217 Eutaw Avenue, *id.* at ¶ 4; (2) Kowalczyk's claim in the Magisterial District Court for $11,700 "damages he incurred to that date," *id.* at ¶ 28; and (3) the Magisterial District Court's ultimate award of $11,208.50. *Id.* at ¶¶ 31, 33.

Contrary to Appellant's argument, Kowalczyk's complaint specified the amounts — $60,000 and $11,208.50 — that were later sought in his praecipe to enter default judgment. *See* Pa.R.Civ.P. 1037(b)(1); *Mother's Rest., Inc.*, 861 A.2d at 334-335. While Appellant's challenge to the $11,208.50 amount may go to the merits or itemization of that amount, it is clear that the amount may be "ascertained from the pleadings." *See Mother's Rest., Inc.*, 861 A.2d at 334-35. Thus, the trial court did not err in affirming the judgment amount.

Furthermore, Appellant's argument — that **if** Kowalczyk were proceeding under Rule 1037(b)(2), he was only entitled to damages for repairs — is mistaken. First, Rule 1037(b)(2) applies to "all actions in which the only damages to be assessed are the cost of repairs made to property." Pa.R.Civ.P. 1037(b)(2). This provision cannot, however, be extrapolated to provide, as Appellant suggests, that every plaintiff who seeks damages for the costs of repairs to property must waive a claim to all other damages. *See* Pa.R.Civ.P. 127(b) ("Every rule shall be construed, if possible, to give effect to all its

provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."). Furthermore, Appellant points to no place in the record where Kowalczyk has indeed opted to proceed under Rule 1037(b)(2). For the foregoing reasons, we affirm the trial court's denial of Appellant's petition to strike the default judgment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/30/2018