J-A21003-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| RIVERVIEW LOFTS ALLENTOWN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| PETER P. COYLE | : | |
| | : | |
| Appellant | : | No. 294 EDA 2024 |

Appeal from the Order Entered January 17, 2024
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
2022-C-0434

BEFORE:  KUNSELMAN, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED DECEMBER 23, 2024**

Tenant, Peter Coyle, appeals *pro se* from the order denying his motion to strike the judgment in favor of Landlord, Riverview Lofts Allentown. Because Tenant moved to strike a judgment that is not yet entered on the docket, we remand for the entry of that judgment.

On February 2, 2022, Landlord sued Tenant in the magisterial-district court for breaching a lease.  The magisterial-district court entered judgment against Tenant for damages and awarded possession of the apartment to Landlord.  Tenant appealed to the Court of Common Pleas of Lehigh County.

Upon receiving the appeal, the trial court ordered compulsory arbitration for June 1, 2022.  Thereafter, the parties filed various pleadings, including a Counterclaim by Tenant that joined Allentown Parking Authority ("APA") as an additional defendant.  *See* Tenant's Answer and Counterclaim at 1.  On May

24, 2022, Landlord filed an Answer and New Matter denying the allegations in Tenant's Counterclaim.

The next week, on June 1, 2022, Tenant failed to attend the previously scheduled arbitration hearing. As a result, Landlord and APA proceeded to an immediate bench trial before the motions-court judge. Landlord presented evidence showing that Tenant owed it $4,875.00 in rent. Additionally, per the lease, Landlord was entitled to reimbursement of attorneys' fees and costs.

On June 3, 2022, the trial court entered a non-jury decision, filed June 6, 2022, against Tenant for $9,875.00 for unpaid rent, attorneys' fees, and court costs. It also awarded Landlord possession of the apartment. The trial court entered a judgment of *non-pros* on Tenant's counterclaims against Landlord and APA.

Four days later, on June 10, 2022, the court entered an order dismissing Tenant's preliminary objections and Landlord's motion to amend the caption as moot. Tenant filed no post-trial motions to the non-jury decision, nor did he appeal. Over 40 days later, Tenant sought reconsideration, which the trial court denied. Again, Tenant did not appeal. Critically, the parties neglected to praecipe the prothonotary for entry of judgment on the non-jury decision.

Then, on October 9, 2023, Tenant moved to strike the judgment in favor of Landlord and APA. The trial court and the parties proceeded as if judgment had been entered; the court denied Tenant's motion to strike the nonexistent judgment. Tenant timely appealed to this Court.

Landlord maintains Tenant's appeal is untimely, because he did not appeal any of the trial court's prior orders. **See** Landlord's Brief at 16-17. Hence, Landlord challenges our appellate jurisdiction to entertain this appeal.

Appellate jurisdiction is "a question of law; the appellate standard of review is *de novo*, and the scope of review is plenary." **Whittaker v. Lu**, 323 A.3d 871, 874 (Pa. Super. 2024). We have long held that the question of "appealability of an order goes to the appellate court's jurisdiction . . . ." **Williams v. Williams**, 385 A.2d 422, 423 (Pa. Super. 1978) (*en banc*).

The timeliness of a petition to strike the judgment – and, thus, any subsequent appeal – depends upon the validity of the underlying judgment. This Court has held:

> If the judgment was found to be void . . . timeliness would not be a factor and the petition to strike would be granted. If the judgment was found to be voidable, timeliness would be a factor, and the petition would be granted only if it was filed within a reasonable time. Finally, if the judgment was found to be valid and fully effective, the petition to strike would be denied and timeliness would not be a factor . . . .

**Williams v. Wade**, 704 A.2d 132, 134-35 (Pa. Super. 1997).

There is a clear distinction between judgments which are simply "voidable" based upon mere irregularities and those which are "void *ab initio.*" "The general rule is that if a judgment is sought to be stricken for an irregularity, **not jurisdictional in nature,** which merely renders the judgment voidable, the application to strike off must be made within a reasonable time." **Id.** at 134 n. 2 (emphasis added) (citing **Samango v.**

- 3 -

*Hobbs,* 75 A.2d 17, 19 (Pa. Super. 1950); *Eastman Kodak Co. v. Osenider*, 193 A. 284, 286 (Pa. Super. 1937)).

Conversely, judgments which are void *ab initio* are those which the prothonotary "was without authority to enter" in the first place. *Erie Insurance Co. v. Bullard*, 839 A.2d 383, 388 (Pa. Super. 2003). Such judgments are not voidable, but are legal nullities. *Id.* (citing *Mullen v. Slupe,* 62 A.2d 14, 16 (Pa. 1948) (quoting *Long v. Lemoyne Borough,* 71 A. 211, 212 (Pa. 1908))). Where the judgment is void *ab initio;* "such a judgment must be stricken without regard to the passage of time." *See Jones v. Seymour,* 467 A.2d 878, 880 (Pa. Super. 1983); *see also Helms v. Boyle,* 637 A.2d 630, 632 n. 2 (Pa. Super. 1994).

Here, Tenant raises claims pertaining to the trial court's subject-matter jurisdiction; thus, he asserts that the judgment is void *ab initio*. As such, his petition to strike the judgment is not subject to time constraints, and his petition to strike is not time barred. Nevertheless, this does not resolve the issue of our appellate jurisdiction, because, Tenant moved to strike a judgment that has never been entered on the trial court's docket.

This misstep by the parties renders the motion to strike the nonexistent judgment a procedural paradox. If we were to reverse the order denying the motion to strike, we would be striking a judgment that is not of record. On the other hand, if we were to affirm the order denying the motion to strike, there would still be no underlying judgment for Landlord to execute.

In ***Johnston the Florist, Inc. v. Tedco Construction Co.***, 657 A.2d 511 (Pa. Super. 1995) (*en banc*), the appellant appealed the order denying post-trial relief, rather than waiting for the entry of judgment. This Court examined our authority to reach the merits of an appeal, when an appeal is taken before judgment is entered. We explained that, in most cases, this Court is without appellate jurisdiction if the prothonotary has not yet entered judgment below. ***See id.*** at 514.

The entry of judgment is a prerequisite to the exercise of appellate review, and, in the absence of an entry of judgment, there is no authority for this Court to review the merits of an appeal. Moreover, where the rules require the entry of judgment, and such action has not been taken prior to the filing of an appeal, this Court may take such action as it deems appropriate, including: quashal of the appeal, dismissal of the appeal, or remand of the matter to the lower court so that judgment may be entered. ***See id.*** at 515 n. 2; ***see also*** Pa.R.A.P. 902 and Comment.

In this case, no one praeciped to enter the judgment. Instead, Tenant moved to strike a nonexistent judgment and appealed from the order denying his motion to strike. Such a motion is premature if the judgment it would strike is not yet entered. Thus, Tenant's motion was premature.

Our review of the record and the parties' briefs reveals that neither the parties nor the trial court realized that the entry of judgment on the non-jury decision was still outstanding. Thus, they all proceeded as if judgment had been entered. As such, we remand this case to the trial court so that the

omitted procedural step (namely, the entry of judgment on the non-jury decision) may be taken.

Tenant is directed to praecipe the Prothonotary of Lehigh County for entry of judgment on the non-jury decision at the appropriate docket of the trial court within 14 days of this decision. The Prothonotary of Lehigh County shall thereafter return the record to this Court, including certification that judgment has been entered. Upon certification that the judgment is entered, we shall treat the judgment as if it had been docketed prior to Tenant filing his motion to strike the judgment and address the issues raised on appeal.[1]

Case remanded with instructions.

Panel Jurisdiction retained.

_____

[1] If Tenant does not praecipe for entry of the judgment within 14 days of this decision, we shall quash his appeal without further notice from this Court.